IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANIEL N. NOEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-568C |
| v. | ) | (Judge Damich) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S STATEMENT OF FACTS

Pursuant to RCFC 52.1, defendant, the Untied States, respectfully submits the following statement of facts based upon the Administrative Record:

1. Mr. Noel enlisted in the United States Army and entered active duty on September 29, 1981. AR 562. Mr. Noel attained the rank of Specialist, pay grade E-4, and was released from active duty on September 28, 1984. Id. He served in the Army Reserve Control Group until February 6, 1985, when he enlisted in the Maryland Army National Guard. AR 549-551. In June 1985, he returned to active duty in the Active Guard and Reserve ("AGR"). AR 547.

2. In January 1988, Mr. Noel was diagnosed as HIV positive. AR 382. His T Cell ("CD4") count was 617. Id. Over the next several years, Mr. Noel's CD4 count began to decline, and in December 1994, Mr. Noel's CD4 count had fallen to 284. Id. As a result, Mr. Noel was referred to a Medical Evaluation Board ("MEB"). AR 383. On January 31, 1985, due to the significant decline in his CD4 count, the MEB recommended that Mr. Noel be referred to a Physical Evaluation Board ("PEB"). AR 380.

3. On February 21, 1995, the PEB found Mr. Noel unfit and recommended that he be placed on the Temporary Disability Retirement List ("TDRL") with a disability rating of 30

percent. AR 375. Mr. Noel concurred in this determination, and was therefore discharged from service and placed on the TDRL on May 27, 1995. AR 454, 377, 371-372.

4. Mr. Noel underwent his first periodic medical examination on the TDRL in February 1996. AR 354-355. The examination revealed that he had no significant medical complaints, and his cell counts had stabilized, with a CD4 count of 314 in June 1995 and 310 in February 1996. Id. The physician concluded that Mr. Noel was asymptomatic with his HIV, but due to the natural history of steady progression of the illness, it would eventually result in his death. Id. On April 10, 1996, the PEB concluded that, because Mr. Noel's condition had not stabilized to the point that a permanent degree of severity could be determined, and the PEB recommended his retention on the TDRL. AR 351-352.

5. In April 1997, Mr. Noel underwent his second TDRL medical examination. AR 343-344. Mr. Noel was now enrolled in a medical study comparing an antiretorviral therapy known as DMT-266 along with AZT 3 TC and indinavir that he was taking. AR 343. Mr. Noel was asymptomatic, had no opportunistic infections, and his CD4 count was 319. Id. His viral load had gone from 78,000 to undetectable. Id. The physician found, however, that the natural history of the disease with the drugs was unknown, therefore, the PEB recommended he be retained on the TDRL. AR 340-341.

6. In March 1998, Mr. Noel underwent his third TDRL medical examination. AR 329-330. Mr. Noel was asymptomatic, and had occasional episodes of bronchitis, and he was diagnosed with an external hemorrhoid, nonthrombosed. AR 329. He had no opportunistic infections, and his CD4 count had risen to 579. Id. As Mr. Noel's condition had not yet stabilized, the PEB recommended that Mr. Noel be retained on the TDRL. AR 322.

7. In April 1999, Mr. Noel underwent his fourth and final TDRL medical examination. AR 305-306. The physician found that Mr. Noel was again asymptomatic. AR 305. He had occasional episodes of bronchitis and a small perirectal abscess. Id. He had no opportunistic infections, and his CD4 count had risen to 648. Id. He was diagnosed with hyperlipidemia and hypercholestrolemia (elevated levels of fat and cholesterol in his blood) which would be managed with diet and exercise. Id. His case was referred to a PEB, and on June 2, 1999, the PEB recommended that Mr. Noel be separated with a ten percent disability rating. AR 290. On June 11, 1999, Mr. Noel non-concurred with the finding of the informal PEB and demanded a formal PEB. AR 291.

8. On July 7, 1999, Mr. Noel submitted a rebuttal to the determination of the informal board. AR 298. On July 20, 1999, the President of the PEB sent a letter to Mr. Noel stating that the PEB had carefully considered his rebuttal, but that his disability rating was based upon his current medical condition, therefore the board considered the ten percent disability rating appropriate. AR 294-295. The letter went on to inform Mr. Noel that, unless waived, his case was being held for a formal hearing. Id.

9. On August 16, 1999, a formal PEB was convened to consider Mr. Noel's case. AR 277. After considering the medical evidence and the arguments of Mr. Noel's counsel, the formal PEB also recommended that Mr. Noel be separated with a ten percent disability rating. Id. On August 30, 1999, Mr. Noel submitted a rebuttal to the findings and recommendations of the formal PEB. AR 280-284.

10. On September 22, 1999, the PEB notified Mr. Noel that it affirmed the decision of the formal PEB and found him unfit with a disability rating of ten percent. AR 275. Mr. Noel's

case was forwarded to the United States Army Physical Disability Agency ("USPADA"). AR 274. On July 31, 2000, the USAPDA informed Mr. Noel that the findings and recommendations of the formal PEB were supported by substantial evidence and were being affirmed. Id.

11. On July 26, 2000, Mr. Noel made a request to the Assistant Secretary of the Army ("ASA") to reconsider his case. AR 272-273. Mr. Noel provided a memorandum of guidance put out by the Veterans Administration ("VA") dated May 10, 2000. The ASA forwarded his case to the USAPDA for reconsideration. Id. On August 3, 2000, the USAPDA sent a letter to Mr. Noel that it had considered the new VA guidance that he had provided, but that guidance did not result in any changes to the PEB's findings. Id.

12. On August 3, 2000, Mr. Noel was removed from the TDRL. AR 270. He was given severance pay, and was awarded disability compensation through the VA. AR 270, 10.

13. On August 8, 2001, Mr. Noel submitted an application to the Army Board for Correction of Military Records ("ABCMR"). AR 200-269. Mr. Noel requested disability retirement benefits, claiming he satisfied the requirements for a 30 percent disability rating under the Department of Veterans Affairs Schedule for Rating Disabilities ("VASRD"). AR 202. On November 21, 2002, the ABCMR convened and voted unanimously to deny Mr. Noel's petition for relief. AR 184-199. On December 3, 2002, the Director of the ABCMR notified Mr. Noel that his application had been denied. AR 183.

14. On October 17, 2003, Mr. Noel petitioned the ABCMR for reconsideration of its decision. AR 13-181. On June 10, 2004, the ABCMR again met to consider Mr. Noel's claim. AR 3-11. The ABCMR again voted unanimously to deny Mr. Noel's application for relief. AR 11. On June 17, 2004, the Director of the ABCMR notified Mr. Noel that his application for

reconsideration had been denied. AR 2.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Claudia Burke
CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-9063
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:
Major Rebecca Ausprung
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1627
Fax: (703) 696-8126

November 21, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of November 2006, a copy of the foregoing "DEFENDANT'S STATEMENT OF FACTS", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke