IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANIEL N. NOEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-568C |
| v. | ) | Edward J. Damich, Chief Judge |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff, Daniel N. Noel, through undersigned counsel, respectfully submits this Motion to Supplement the Administrative Record. Mr. Noel requests that the Court grant the motion and supplement the Administrative Record with disability retirement records attached hereto from two cases involving service members similarly situated to Mr. Noel.

**INTRODUCTION**

Beginning in the Spring 1999, the Army and other branches of the service began removing HIV-positive service members, including Mr. Noel, from the Temporary Disability Retirement List ("TDRL") by reducing their disability ratings to 10 percent or lower. The service members were then discharged from the service on the basis of their 10 percent disability rating.

In June 1999, an informal Physical Evaluation Board ("PEB"), in violation of statutes and regulations, found Mr. Noel unfit for continued service and decreased Mr. Noel's disability rating from 30 percent to 10 percent, resulting in his discharge from the service without any disability benefits. In fact, on August 3, 2000, Mr. Noel was discharged from the service without military disability retirement pay or medical benefits. Mr. Noel and other affected service members sought reconsideration by formal PEBs and by the Army Physical Disability

Agency ("USAPDA"). Many of the other similarly-situated service members were successful in having their disability ratings restored to 30 percent or higher, making them eligible for permanent disability retirement and medical benefits. Unfortunately, for some unknown arbitrary reason, Mr. Noel has been treated disparately.

**ARGUMENT**

The administrative record may be supplemented, where appropriate. *Bannun, Inc. v. United States*, 404 F.3d 1346, 1356 ("Proceeding under RCFC 56.1 [now RCFC 52.1] merely restricts the evidence to the agency record, as may be supplemented consistent with RCFC 56(a) and (b)."); *Beckham v. United States*, 375 F.2d 782 (Ct. Cl. 1967) ("In determining the arbitrariness, capriciousness, or insubstantiality of an administrative decision, it is not necessary that the review always be restricted to the record before the administrative body."); *Brown v. United States*, 396 F.2d 989, 990 (Ct. Cl. 1968) (reaffirming Beckham and holding that "[w]e have also . . . regularly considered evidence over and above that presented before the administrative boards if a party wishes to offer it.").

Mr. Noel seeks to rely on the attached records from two of these strikingly-similar cases to further demonstrate the arbitrary and capricious application of the governing statutes, regulations, and policies when rating HIV-related illnesses. Mr. Noel has obtained consent from the involved service members, through the assistance of their former *pro bono* counsel, to utilize the attached records, in redacted form.

Mr. Noel does have the benefit of one published ABCMR decision from yet another similar case, where an HIV-positive service member had his disability rating reduced to 10 percent but subsequently restored by the ABCMR to 30 percent. *See In re: Doe*, Docket No. AR2001061061 (ABCMR Aug. 1, 2002). Unfortunately, the two cases attached, and all the

others of which Mr. Noel is aware, were resolved prior to formal Board action, resulting in informal, unpublished decisions. Mr. Noel should not be penalized and denied use of the records in support of his argument solely because the service members' records were corrected prior to a formal, published decision by the ABCMR.

Moreover, supplementing the Administrative Record with the records attached hereto will not result in cumulative evidence. The records are highly relevant to the issues before this Court as they clearly and convincingly demonstrate the arbitrary and capricious application of governing regulations and standards in rating HIV-related illnesses. The records also will establish that Mr. Noel has been treated disparately. *Textron, Inc. v. United States*, 2006 WL 3347841 (Fed. Cl. 2006) ("In general, the court will supplement the administrative record when it is necessary for a full and complete understanding of the issues."); *see Brown*, 396 F.3d at 999 ("Compliance with . . . regulations ensures uniformity of treatment. When we review a particular board decision the regulations usually control what conclusion must be drawn from any new evidence produced at trial."); *see also* Docket No. BC-2003-01135 (AFBCMR May 5, 2004) (holding that one basis for granting correction was the fact that applicant was not treated the same as trainees with similar injuries); *Bosch v. United States*, 27 Fed. Cl. 250, 260 (1992) ("It should also be noted that the Department of the Navy employs a centralized rating system in order to ensure the uniform application of disability rating principles."); Army Reg. 635-40 ¶ 3-1 a. ("The major objective of these standards is to achieve uniform disposition of cases arising under the law.").

The undersigned counsel has conferred with counsel for Defendant, who has not yet indicated whether Defendant will oppose the motion.

**CONCLUSION**

For the foregoing reasons, Mr. Noel respectfully requests that the Court enter an Order granting Mr. Noel's motion and supplementing the Administrative Record with the documents attached hereto. A draft order granting the relief requested is attached as Exhibit B.

Respectfully submitted this 22nd day of December 2006.

s/Elizabeth Clements Billhimer
Elizabeth Clements Billhimer
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7206 Telephone
(202) 661-0546 Facsimile
ebillhim@probonolaw.com

*Attorney of Record for Plaintiff*