# EXHIBIT A

# SIMILARLY SITUATED SERVICE MEMBER 1

Walter Reed Army Medical Ctr

**PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS**
For use of this form, see AR 635-40; the proponent agency is USAPDA

1. NAME (Last, First, Middle Initial)
[redacted]

2. RANK
[redacted]

3. PEBD: 84.06.03 BASD: 84.06.03

4. SOCIAL SECURITY NUMBER
[redacted]

5. PMOS
[redacted]

6.BRANCH / COMPONENT
TDRL/MI/Active Duty Regular Army

7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT B

DATE CONVENED
99.04.15

AT (Location including ZIP Code)
WALTER REED MEDICAL CENTER, WASHINGTON D.C. 20307-5001

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance

c. Intentional misconduct, willful neglect or unauthorized absence
d. While entitled to basic pay (Incurred or aggravated)
e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated)
f. Proximate result of performing duty
g. Recommended disability percentage

| VA CODE a | DISABILITY DESCRIPTION b | c | d | e | f | g |
|---|---|---|---|---|---|---|
| 6351 | HIV infection Walter Reed stage III with CD4 count of 554. Presently on five drug antiretroviral regimen. (TDRL Dx 1)<br><br>TDRL Dx 2-5, not rated.<br><br>The present PEB rating of 10% more accurately reflects the current degree of severity of your condition. The PEB considers your condition to have improved so as to be ratable at less than 30%. Rating of less than 30% for soldiers with less than 20 years retirement service require separation with severance pay in lieu of retirement.<br><br>You are advised that a member of an armed force may not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury that he/she has. | N | Y | Y | Y | 10% |

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF: 10%

AND THAT THE SOLDIER'S DISPOSITION BE: Separation with severance pay if otherwise qualified

10. Not applicable

11. EXHIBITS (identify each)
A. Medical Board Proceedings
B. Appointing Orders
C. TDRL Reevaluation
D. TDRL Packet

12. TYPED NAME, GRADE, BRANCH OF PRESIDENT
RONALD A. GRUBB, COL, IN, President

SIGNATURE

DATE
99.04.15

DA FORM 199, JUN. 97

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 Continued...

**13. ELECTION OF SOLDIER**

TO: President, Physical Evaluation Board

I HAVE BEEN ADVISED OF THE FINDINGS AND RECOMMENDATIONS OF THE PHYSICAL EVALUATION BOARD, AND HAVE RECEIVED A FULL EXPLANATION OF THE RESULTS OF THE FINDINGS AND RECOMMENDATIONS AND LEGAL RIGHTS PERTAINING THERETO AND

FOR INFORMAL PROCEEDINGS ON SOLDIERS DETERMINED FIT (EXCEPT MEMBERS ON THE TDRL)

____ I CONCUR.

____ I DO NOT CONCUR. MY WRITTEN APPEAL ____ IS ATTACHED ____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

FOR ALL OTHER INFORMAL PROCEEDINGS

____ I CONCUR AND WAIVE A FORMAL HEARING OF MY CASE.

____ I DO NOT CONCUR BUT WAIVE A FORMAL HEARING. MY WRITTEN APPEAL ____ IS ATTACHED ____ IS NOT ATTACHED. I UNDERSTAND THAT FAILURE TO SUBMIT A WRITTEN APPEAL MAY RESULT IN FINAL PROCESSING OF MY CASE WITHOUT REVIEW BY HQ, USAPDA.

__✓__ I DO NOT CONCUR AND DEMAND A FORMAL HEARING __✓__ WITH PERSONAL APPEARANCE ____ WITHOUT PERSONAL APPEARANCE. MY STATEMENT IDENTIFYING MY ISSUES OF DISAGREEMENT WITH THE INFORMAL PEB ____ IS ATTACHED __✓__ IS NOT ATTACHED.

__✓__ I REQUEST A REGULARLY APPOINTED COUNSEL TO REPRESENT ME.

____ I WILL HAVE COUNSEL OF MY CHOICE AT NO EXPENSE TO THE GOVERNMENT. I UNDERSTAND THAT I MUST NOTIFY MY COUNSEL AT THIS TIME OF THE PENDING HEARING. I FURTHER UNDERSTAND THAT A DELAY WILL NOT BE GRANTED MERELY BECAUSE I DID NOT CONTACT MY COUNSEL IN SUFFICIENT TIME FOR HIM OR HER TO PROPERLY PREPARE. I WILL INFORM MY COUNSEL THAT HE OR SHE SHOULD IMMEDIATELY CONTACT THE PEB TO COORDINATE FURTHER ACTIONS IN MY CASE.

| SIGNATURE OF SOLDIER | DATE |
|---|---|
| | |

**14. COUNSELOR'S STATEMENT**

I have informed the soldier of the findings and recommendations of the Physical Evaluation Board and explained to him/her the result of the findings and recommendations and his/her legal rights pertaining thereto. The soldier has made the election(s) shown above.

| TYPE NAME AND GRADE OF COUNSELOR | SIGNATURE | DATE |
|---|---|---|
| | | |

DA FORM 199, JUN. 97

***FORMAL BOARD***

Walter Reed Army Medical Ctr

PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS
For use of this form, see AR 635-40; the proponent agency is USAPDA

| | | |
|---|---|---|
| 1. NAME (Last, First, Middle Initial) [redacted] | 2. RANK [redacted] | 3. PEBD: 84.06.03 BASD: 84.06.03 |

| | | |
|---|---|---|
| 4. SOCIAL SECURITY NUMBER [redacted] | 5. PMOS [redacted] | 6.BRANCH / COMPONENT TDRL/MI/Active Duty Regular Army |

7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT B

| | |
|---|---|
| DATE CONVENED 99.06.01 | AT (Location including ZIP Code) WALTER REED MEDICAL CENTER, WASHINGTON D.C. 20307-5001 |

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance

c. Intentional misconduct, willful neglect or unauthorized absence
d. While entitled to basic pay (Incurred or aggravated)
e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated)
f. Proximate result of performimg duty
g. Recommended disability percentage

| VA CODE a | DISABILITY DESCRIPTION b | c | d | e | f | g |
|---|---|---|---|---|---|---|
| 6351 | HIV infection Walter Reed stage III with CD4 count of 554. Presently on five drug antiretroviral regimen. (TDRL Dx 1)<br><br>TDRL Dx 2-5, not rated.<br><br>Having considered all of the evidence available to include the medical evidence; your written statement, and comments of counsel, the board finds you unfit to perform the duties of a Military Officer. The determination was reached for the reason stated above.<br><br>Your condition HIV-related illness is unfitting and is rated at 10% under VASRD Code 6351.<br><br>The board therefore recommends that you be separated with severance pay.<br>FORMAL BOARD<br><br>The present PEB rating of 10% more accurately reflects the current degree of severity of your condition. The PEB considers your condition to have improved so as to be ratable at less than 30%. Rating of less than 30% for soldiers with less than 20 years retirement service require separation with severance pay in lieu of retirement.<br><br>You are advised that a member of an armed force may not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury that he/she has. | N | Y | Y | Y | 10% |

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF: 10%

AND THAT THE SOLDIER'S DISPOSITION BE: Separation with severance pay if otherwise qualified

10. Not applicable

11. EXHIBITS (identify each)
A. Medical Board Proceedings
B. Appointing Orders
C. TDRL Reevaluation
D. TDRL Packet

12. Not applicable

DA FORM 199, JUN. 97

**FORMAL BOARD**

Continued...

**13. ELECTION OF MEMBER**

TO: President, Physical Evaluation Board

I HAVE BEEN ADVISED OF THE FINDINGS AND RECOMMENDATIONS OF THE PHYSICAL EVALUATION BOARD, AND HAVE RECEIVED A FULL EXPLANATION OF THE RESULTS OF THE FINDINGS AND RECOMMENDATIONS AND LEGAL RIGHTS PERTAINING THERETO AND

____ I CONCUR AND WAIVE A FORMAL HEARING OF MY CASE

____ I DO NOT CONCUR BUT WAIVE A FORMAL HEARING. MY WRITTEN APPEAL ___ IS ATTACHED ___ IS NOT ATTACHED.

____ I DO NOT CONCUR AND DEMAND A FORMAL HEARING ___ WITHOUT PERSONAL APPEARANCE ___ WITH PERSONAL APPEARANCE.

____ I REQUEST A REGULARLY APPOINTED COUNSEL TO REPRESENT ME.

____ I WILL HAVE COUNSEL OF MY CHOICE AT NO EXPENSE TO THE GOVERNMENT. I UNDERSTAND THAT I MUST NOTIFY MY COUNSEL AT THIS TIME OF THE PENDING HEARING. I FURTHER UNDERSTAND THAT A DELAY WILL NOT BE GRANTED MERELY BECAUSE I DID NOT CONTACT MY COUNSEL IN SUFFICIENT TIME FOR HIM TO PROPERLY PREPARE. I WILL INFORM MY COUNSEL THAT HE SHOULD IMMEDIATELY CONTACT THE PEB TO COORDINATE FURTHER ACTIONS IN MY CASE.

| SIGNATURE OF MEMBER | DATE |
|---|---|
| | |

**14. COUNSELOR'S STATEMENT**

I Have informed the member of the findings and recommendations of the Physical Evaluation Board and explained to him/her the result of the findings and recommendations and his/her legal rights pertaining thereto. The member has made the election(s) shown above.

| TYPE NAME AND GRADE OF COUNSELOR | SIGNATURE | DATE |
|---|---|---|
| | | |

Not Applicable

**15. FOR FORMAL HEARINGS:**

a. THE INDIVIDUAL ELECTED _x_ ~~TO APPEAR~~ XXXXXXX _X_ NOT TO APPEAR, AND DID NOT APPEAR.

b. THE MEMBER WAS REPRESENTED BY THE REGULARLY APPOINTED COUNSEL, OR INDIVIDUAL COUNSEL SELECTED BY THE MEMBER AS INDICATED IN EXHIBIT __4__ . THE COUNSEL'S NAME IS [redacted]

c. IF THE MEMBER'S CASE WAS REFERRED FROM ANOTHER STATION, THE PHYSICAL EVALUATION BOARD LIAISON OFFICER'S NAME IS ____________________ .

d. IF THE MEMBER WAS NOT PRESENT BECAUSE HE IS A DELETERIOUS TYPE CASE, OR OTHERWISE UNABLE TO COOPERATE IN A REQUIRED FORMAL HEARING, ____________________ (Next-of-kin or guardian) ___ WAS ___ WAS NOT PRESENT TO REPRESENT HIS/HER INTERESTS, NEXT-OF-KIN OR GUARDIAN'S ELECTION IS AT EXHIBIT ____________ .

e. TRANSCRIPT ___ IS ___ IS NOT REQUIRED.

| RECORDER | REPORTER | INTERPRETER (if any) |
|---|---|---|
| CARL W. S. CHUN, GS13, Adj/Alt Pres. | WAYNE MARTIN | |

The attached transcript of the formal hearing, if required, is a record of proceedings and is accurate and complete.

| DATE BOARD ADJOURNED | TYPED NAME, GRADE, BRANCH OF COUNSEL | TYPED NAME, GRADE, BRANCH OF PRESIDENT |
|---|---|---|
| 1 June 1999 | MAJ DAVID C. WHITE, JAGC, WRAMC | RONALD A. GRUBB, COL, IN, President |
| | SIGNATURE David C. White | SIGNATURE |

DA FORM 199, FEB. 89

## ELECTION TO FORMAL PHYSICAL EVALUATION BOARD PROCEEDINGS

For use of this form, see AR 635-40; the proponent agency is DCSPER

I have been advised of the findings and recommendations of the formal Physical Evaluation Board and have received a full explanation of the results of the findings and recommendations and legal rights pertaining thereto; and

| | |
|---|---|
| | I concur. |
| | I do not concur; however, I do not wish to submit a statement of rebuttal. I understand that if I do not submit a statement explaining my reasons for disagreement, my case may be forwarded for final disposition action without review of my case by USAPDA. |
| | I do not concur. Attached (or written below) is a statement of rebuttal explaining why I do not agree with the findings and recommendations. |

| Typed or Printed Signature | Signature | Date |
|---|---|---|
| [redacted] | | [redacted] |

Rebuttal:

DA FORM 199-1, JUN. 90

UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES
4301 JONES BRIDGE ROAD
BETHESDA, MARYLAND 20814-4799

3 June 1999

COL Ronald A. Grubb
President, Physical Evaluation Board
Walter Reed Army Medical Center
6825 Georgia Ave., NW Building 41
Washington, DC 20307-5001

REFERENCE: [redacted]

Dear COL Grubb:

I am writing to clarify the medical record in conection with the matter of continuing [redacted] on the TDRL for another 12 months for re-evaluation and monitoring of his HIV disease.

Although as I noted in his last TDRL evaluation, [redacted] condition has remained stable *clinically*, his CD4 counts, and particularly his CD4 percentages (which is what is actually measured), considered a reflection of disease activity, have not. While they showed an initial, expected rise with treatment, from a low of 22% to 33%, over the 15 month period leading to the time of his third TDRL evaluation, this figure dropped back to 27%. This despite being on 4 antiretroviral medications and a viral load that had dropped below the level of detection of 400 copies /ml.

These findings indicate that [redacted] is not presently stable and may be a prodrome to a beginning deterioration of his clinical condition. At the very least, they suggest that he may be developing viral resistance to his present medications, which will require modification of his treatment regimen. Only time will enable an accurate assessment of the direction his disease is currently taking.

Truly yours,

Simon Auster, M.D.
Associate Professor
Staff Physician, WRAMC

DEPARTMENT OF THE ARMY
U.S. ARMY PHYSICAL EVALUATION BOARD
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, D.C. 20307-5001

REPLY TO
ATTENTION OF:

10 June 1999

Dr. Simon Auster
Associate Professor, USUHS
4301 Jones Bridge Road
Bethesda, MD 20814-4799

Dr. Auster,

Reference your letter of 3 June 1999, subject [redacted]

1. I have sent a copy of your letter and this correspondence to the WRAMC PEBLO. The PEBLO can obtain an approval of your findings and or comments by the appropriate clinic chief. In this way your letter would serve as an addendum to [redacted] file.

2. Your letter does not amend [redacted] diagnosis. This officer is HIV positive and the objective medical standard for retention of an individual with this diagnosis on the TDRL is that the individual have a CD4 count below 200, or have oral hairy leukoplakia, or thrush, or be suffering from AIDS. The fact that this officer's condition is not stable is not at issue. His health at the time of the TDRL examination revealed that his medical condition does not warrant retention on the TDRL but rather requires separation with severance pay.

3. Thank you for providing this documentation.

Ronald A. Grubb
Colonel, Infantry
President, Physical Evaluation Board

cf: PEBLO, WRAMC
[redacted]

Walter Reed AMC

**PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS**
For use of this form, see AR 635-40; the proponent agency is USAPDA

| | | | |
|---|---|---|---|
| 1. NAME (Last, First, Middle Initial) [redacted] | | 2. RANK [redacted] | 3. PEBD: 84.06.03 BASD: 84.06.03 |
| 4. SOCIAL SECURITY NUMBER [redacted] | 5. PMOS [redacted] | 6. BRANCH / COMPONENT TDRL/MI/Active Duty Regular Army | |

7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT B

| DATE CONVENED | AT (Location including ZIP Code) |
|---|---|
| 01.01.12 | Washington PEB, Washington DC 20307-5001 |

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance

c. Intentional misconduct, willful neglect or unauthorized absence
d. While entitled to basic pay (Incurred or aggravated)
e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated)
f. Proximate result of performing duty

9. Recommended disability percentage

| VA CODE a | DISABILITY DESCRIPTION b | c | d | e | f | g |
|---|---|---|---|---|---|---|
| 6351 | HIV infection with a CD4 count of 570 and constitutional symptoms including diarrhea reportedly refractory to therapy. (TDRL Exam)<br><br>The present PEB rating of 60% accurately reflects the current degree of severity of your condition. The PEB considers you to have stabilized sufficiently for rating purposes and recommends permanent retirement IAW para 7-11a(1), AR 635-40.<br><br>FORMAL RECONSIDERATION<br>****This case was reconsidered in accordance with Para 4-21t, AR 635-40, based on the additional information provided. This supersedes DA Form 199 dated 1 June 1999.<br><br>You are advised that a member of an armed force may not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury that he/she has. | N | Y | Y | Y | 60% |

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF: 60%

AND THAT THE SOLDIER'S DISPOSITION BE: Permanent disability retirement

10. Not applicable

11. EXHIBITS (identify each)
A. Medical Board Proceedings
B. Appointing Orders
C. TDRL Reevaluation
D. TDRL Packet

| 12. TYPED NAME, GRADE, BRANCH OF PRESIDENT | SIGNATURE | DATE |
|---|---|---|
| Curtis K. Southern, LTC, IN, President | Curtis K. Southern | 01.01.12 |

DA FORM 199, JUN. 97

# SIMILARLY SITUATED SERVICE MEMBER 2

# PROCEEDINGS AND RECOMMENDED FINDINGS OF COAST GUARD PHYSICAL EVALUATION BOARD

| NAME OF EVALUEE | SERVICE NO. | GRADE OR RATE | TOTAL YEARS ACTIVE SERVICE |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | 20 OR MORE: ___ X 8 OR MORE: ___ LESS THAN 8 |

## SECTION III - FINDINGS

11. EXTENT OF DISABILITY *(Based upon the evaluee's over-all condition)*

| FIT | UNFIT | DESCRIPTION *(Check and complete)* |
|---|---|---|
| | X | a. TO PERFORM THE DUTIES OF GRADE OR RATING *(For other than BMIN Personnel)* |
| | | b. TO PERFORM THE DUTIES OF GRADE AND IN SPECIALTY AS DESIGNATED HEREIN *(For former BMIN personnel only)* |

12. LISTING OF DISABILITIES *(In column B answer "No" or enter "N" for neglect, "M" for misconduct or "A" for unauthorized absence. In column C answer either "Yes" or "No". In column D (1) answer "Yes" or "No", as applicable; if answer is negative, attach Explanatory Statement indicating basis for such answer, (2) make no entry if evaluee (regular or reserve on extended active duty) has eight or more years of active service. In column E and F answer "Yes" or "N/A" (not applicable) as appropriate; do not answer "Yes" in both columns. In column G enter percentage of disability. In column H enter rating code.*

| DIAGNOSIS OF EVALUEE *(List each diagnosis of the evaluee, numbering as (1), (2), etc. Briefly describe disability in the phraseology of the Veterans Administration Schedule for Rating Disabilities, indicating the degree of severity.)* | WILLFUL NEGLECT, INTENTIONAL MISCONDUCT OR UNAUTHORIZED ABSENCE | INCURRED WHILE ENTITLED TO RECEIVE BASIC PAY | PROXIMATE RESULT OF PERFORMANCE OF ACTIVE DUTY OR ACTIVE OR INACTIVE DUTY TRAINING OR INCURRED IN LINE OF DUTY DURING WAR OR NATIONAL EMERGENCY | IS PERMANENT | MAY BE PERMANENT | PERCENTAGE | VETERANS ADMINISTRATION DIAGNOSTIC CODE NUMBER |
|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H |
| HIV RELATED ILLNESS: ASYMPTOMATIC | NO | YES | YES | YES | N/A | 0 | 6351 |
| FPEB CONVENED ON 12 OCT 00 | | | | | | | |

COMPENSABLE PERCENTAGE OF DISABILITY *(Computed from VA Rating Schedule)*

ZERO

DEPARTMENT OF TRANSPORTATION, U.S. COAST GUARD, CG-3511A (Rev. 4-87)

**SECTION IV - DISPOSITION**

13. DISPOSITION RECOMMENDED *(Check appropriate box)*

| | |
|---|---|
| X | a. SEPARATION WITH SEVERANCE PAY |
| | b. SEPARATION WITHOUT SEVERANCE PAY |
| | c. PERMANENT RETIREMENT |
| | d. TEMPORARY RETIREMENT |
| | e. RETURN TO DUTY |

14. DISPOSITION WITH REGARD TO MENTAL COMPETENCE *(Check only when mental competence is at issue)*

| | |
|---|---|
| | a. IT IS RECOMMENDED THAT THE EVALUEE BE ORDERED TO APPEAR BEFORE A BOARD OF NOT LESS THAN THREE MEDICAL OFFICERS TO DETERMINE WHETHER OR NOT HE IS CAPABLE OF MANAGING HIS OWN AFFAIRS. |

**SECTION V - ACCEPTANCE OF FINDINGS AND CERTIFICATION**

15. NOTIFICATION

The evaluee whose case was considered, or his counsel, has been informed that his copy of the record of the proceedings of this hearing will be furnished to him in the near future, and that he may prepare such written comment or rebuttal to Items 11 and 12 as he may desire. The evaluee has been informed that any statement in rebuttal shall be submitted, within 15 days, excluding Sundays and holidays, after receipt of the copy of these proceedings.

The evaluee, or his counsel, has been informed that the findings of the Physical Evaluation Board are not final, but are subject to review by the Physical Review Council at Coast Guard Headquarters. In the event that the Physical Review Council does not concur with the Physical Evaluation Board, and the substitute findings would affect his ultimate disposition or would decrease the amount of his retired pay, he will be notified and afforded an opportunity to submit a statement of rebuttal. In the event a statement of rebuttal is to be submitted, such statement shall be submitted within 15 days of notification of substitute findings by the Physical Review Council.

16. SIGNATURES OF BOARD MEMBERS

| TYPED NAME AND GRADE | SERVICE NO. | SIGNATURE |
|---|---|---|
| TYPED NAME AND GRADE OF BOARD PRESIDENT: F. L. PROPST, CDR, USCG | | F L Propst |
| TYPED NAME AND GRADE OF MEDICAL MEMBER: E. L. JONES, III, CAPT, USPHS | | E L Jones |
| TYPED NAME AND GRADE OF OTHER MEMBER *(If other member is also designated as Recorder, so state)*: K. R. MARTIN, LT, USCGR | | K.R. Martin, LT |
| TYPED NAME AND GRADE OF RECORDER *(When separate Recorder is designated)* | | |

17. ACCEPTANCE OF TENTATIVE FINDINGS BY EVALUEE

I ACCEPT THE TENTATIVE FINDINGS AND WAIVE MY RIGHTS TO A FORMAL HEARING BEFORE THE PHYSICAL EVALUATION BOARD

| DATE | TYPED NAME AND GRADE/RATE OF EVALUEE | SIGNATURE |
|---|---|---|
| | | |

**SECTION VI - REBUTTAL**

18. REBUTTAL AFTER FORMAL HEARING *(Check appropriate box)*

| | |
|---|---|
| | a. REBUTTAL RECEIVED AND ATTACHED TO THIS RECORD |
| | b. PERIOD DURING WHICH REBUTTAL MAY BE FILED HAS ELAPSED AND NO REBUTTAL HAS BEEN RECEIVED |
| | c. EVALUEE HAS STATED IN WRITING THAT HE WILL NOT FILE A REBUTTAL *(Statement attached)* |

| DATE | TYPED NAME AND GRADE OF RECORDER | SIGNATURE |
|---|---|---|
| | K. R. MARTIN, LT, USCGR | |

U.S. Department of Transportation
United States Coast Guard

Commandant
U. S. Coast Guard

2100 Second St. S.W.
Washington, DC 20593
Staff Symbol: G-ICA
Phone: (202) 366-4280

5730
OCT 26 2000

The Honorable Barney Frank
House of Representatives
Washington, DC 20515

Dear Representative Frank:

This letter is a follow-up to our conversation of October 19th concerning Coast Guard policy and actions in cases involving HIV+ members. As discussed, we have had four recent cases of HIV+ members. A brief synopsis of each case follows:

- An HIV+ member on the Temporary Disability Retired List (TDRL) reached the third and final TDRL review, was rated 60 % disabled and permanently retired.

→ - An HIV+ member was mildly symptomatic and on highly active anti-retroviral therapy (HAART). After receiving legal council, the member accepted the Central Physical Evaluation Board's findings of 10 % disability and was separated with severance pay. This member did not request a Formal Physical Evaluation Board. This case will be reviewed, to reexamine the level of disability.

- An HIV+ member was diagnosed with multiple symptoms and complications of advanced disease. This member was rated 100 % disabled and placed on the TDRL. Mandatory reviews will be conducted every 18 months for five years.

- An HIV+ member undergoing final TDRL review was found to have mild symptoms. The member's spouse is also HIV+. This case is currently in the Physical Disability Evaluation System.

Presently, HIV+ members may continue serving in a limited duty status as long as they are asymptomatic. Like all other members, they may voluntarily leave the Service or retire when eligible. When an asymptomatic HIV+ member reaches the end of enlistment or becomes retirement eligible, they will be evaluated to determine the need for disability separation in order to ensure benefits are provided both to the member and family as allowed by law. During that evaluation, we are required to close cases if the disability is rated below 30%; the minimum allowed for a disability retirement. However, recent Veterans Administration (VA) guidance provides latitude in assigning ratings for HIV+ cases and we now know that CD-4 count is not an accurate ruler for measuring the severity or long-term consequences of the disease. Accordingly, we will not involuntarily separate an HIV+ member without military medical treatment benefits. Our policies are consistent with the Department of Defense and Veterans Administration policies.

The Coast Guard is committed to compassionate immediate and long term care of all men and women of the Coast Guard and their families, including those who are afflicted with HIV or AIDS. I will ensure that our policies remain fair and sensitive to the needs of our members.

Sincerely,

JAMES M. LOY
Admiral, U.S. Coast Guard
Commandant

1440 NEW YORK AVENUE, N.W.
SUITE 800
WASHINGTON, D.C. 20005-2107
(202) 371-7000

DIRECT DIAL
(202) 371-7296
DIRECT FAX
(202) 371-7963
EMAIL ADDRESS
[redacted]

November 3, 2000

The Honorable Rodney E. Slater
Secretary
Department of Transportation
400 Seventh Street, S.W.
Washington, D.C. 20590

Admiral James M. Loy
Commandant
United States Coast Guard
2100 Second Street, S.W.
Washington, D.C. 20593-0001

Re: [redacted] TDRL Review

Dear Secretary Slater and Admiral Loy:

I am writing to express my concern that the Coast Guard Physical Evaluation Board (the "PEB") has improperly recommended removal o [redacted] from the Temporary Disability Retirement List (the "TDRL"). Pe [redacted] request, I have reviewed the record in his TDRL proceeding and believe that the PEB is in violation of Coast Guard regulations in its findings.

[redacted] presented credible evidence, in the form of testimony from two treating Navy physicians specializing in the treatment of HIV, that he has suffered and continues to suffer from recurrent constitutional symptoms and intermittent diarrhea and that he is on approved medications for his HIV infection. Under the Veterans Administration Schedule for Rating Disabilities (the "VASRD"), this qualifies [redacted] for a minimum thirty percent disability rating. Nonetheless, the PEB reduced [redacted] from thirty percent to zero percent and recommended that his name be removed from the TDRL (despite the fact that the VA continues to rate [redacted] HIV-related disability at thirty percent).

I believe the PEB's finding was in error. Although the PEB provided no explanation of its finding, and I am only left to guess at the reasons for its recommendation, the PEB apparently determined that the testimony presented by [redacted] doctors was in conflict with evidence otherwise contained in the evaluee's medical records. However, to the extent the PEB may have determined such medical evidence to be in conflict with the doctor's testimony, the PEB erred in failing to order an additional examination of the evaluee in order to resolve the inconsistency. Commandant Instruction M1850.2C provides that, when evidence submitted at a PEB hearing "presents credible evidence in conflict with the medical records and the issue thus drawn is not one that can be readily resolved by the observation of the board, the case should be continued and further developed by additional physical examination, special studies, or investigation by appropriate agencies." COMDTINST M1850.2C § 5.C.1.d.

Moreover, I am troubled that the Coast Guard has yet to acknowledge that the Veterans Administration (the "VA"), on 10 May 2000, issued clarifying guidelines for rating HIV under the VASRD. There is no indication in [redacted] case that the PEB applied the VA guidance and, indeed, the PEB's finding in this case appears contrary to these new guidelines. On 18 October 2000, the Department of Defense issued a memorandum[1] to the Secretaries of the Army, Navy, and Air Force to ensure that those branches were following the new VA guidance. I ask that the Coast Guard similarly ensure that its PEBs are interpreting and applying the VASRD in accordance with current VA instructions.

Because of these reasons, as well as those stated in [redacted] rebuttal, I believe the PEB's recommendation "was arbitrary, capricious, not in compliance with law or regulation, [and] an abuse of discretion." COMDTINST M1850.2C § 6.B.3.d. Accordingly, the Physical Review Council should substitute the PEB's findings and recommendation with its own determination that [redacted] continues to rate at least thirty percent under the current VASRD and that his name should remain on the TDRL. If the Council fails to do so, it will be

---

1 Office of the Under Secretary of Defense Memorandum, Subj: "Department of Defense Policy for Service Members on the Temporary Disability Retired List with the Human Immunodeficiency Virus-1 (HIV-1)," dated 18 October 2000.

wrongfully – and illegally – stripping [redacted] and his family[2] of retirement-related benefits, including vital medical benefits.

I and others intend to assist [redacted] in litigation to ensure continued receipt of these benefits and, therefore, encourage the Coast Guard to resolve this issue at the administrative level in order to avoid costly, and potentially embarrassing, litigation.

We thank you for your attention and review of this matter.

Sincerely,

W. Mason Emnett

W. Mason Emnett, Esq.
Counsel for [redacted]

cc: John Podesta, White House Chief of Staff
Sandy Thurman, White House Office of AIDS Policy
Dr. J. Jarrett Clinton, DoD Acting Assist. Sec. for Health Affairs
Alphonso Maldon, Jr., DoD Assist. Sec. for Force Management Policy
Stacey L. Sobel, Esq., Servicemembers Legal Defense Network
Bridget Wilson, Esq.
LTJG Vasilios Tasikas, USCG
[redacted]

---

2 [redacted] wife also is HIV+ and is completely dependent upon the military health care system for her life-sustaining medical treatments.

U.S. Department of Transportation
United States Coast Guard

Commandant
United States Coast Guard

2100 Second St. S.W.
Washington, DC 20593-0001
Staff Symbol: G-WPM-1
Phone: (202)267-6017

5730 NOV 22 2000

NOV 17 2000

Stacey L. Sobel, Esq.
Legal Director
Servicemembers Legal Defense Network
P.O. Box 65301
Washington, DC 20035

Dear Ms. Sobel:

This letter is to follow up on our August 21, 2000, correspondence regarding removal of HIV positive (HIV+) members from the Temporary Disability Retirement List (TDRL).

As we stated in that letter, we now allow HIV+ members to remain on active duty and continue their careers in a limited assignment status as long as they remain asymptomatic. They may voluntarily separate or retire from the Coast Guard, the same as any other member of the Coast Guard.

Recent Veterans Administration (VA) guidance recognizes that CD-4 count is not an accurate ruler for measuring the severity or long-term consequences of the disease. Hence, we will not rely solely on the CD-4 count, but on all of the evaluees' symptoms, including adverse reactions to the prescribed medication. Our policies are consistent with the Department of Defense and Veterans Administration policies.

I assure you, we are committed to compassionate care of all men and women of the Coast Guard, including those who are afflicted with HIV or AIDS, and will do everything possible to care for them.

Sincerely,

R. C. OLSEN, JR.
Assistant Commandant for Human Resources
Acting

U.S. Department of Transportation
United States Coast Guard

Commander
United States Coast Guard
Personnel Command

2100 Second Street, S.W.
Washington, DC 20593
Staff Symbol: CGPC-adm-1
Phone: (202) 267-2758
FAX: (202) 267-4467

1850
11 Dec 2000

From: President, Formal Physical Evaluation Board
To: [redacted]

Subj: REBUTTAL TO FORMAL PHYSICAL EVALUATION BOARD FINDINGS

Ref: (a) [redacted] ltr of 3 Nov 2000
(b) Physical Disability Evaluation System, COMDTINST M1850.2C

1. The Formal Physical Evaluation Board has reviewed reference (a). The board has reconsidered and issued new recommended findings and disposition (enclosure (1)). Your entire record, including the rebuttal, this response and the new CG-3511A, has been forwarded for further review and processing.

F. C. PROPST

Copy: [redacted]
Case File

Encl: (1) Proceedings and Recommended Findings of Coast Guard Physical Evaluation Board, [redacted]

# PROCEEDINGS AND RECOMMENDED FINDINGS OF COAST GUARD PHYSICAL EVALUATION BOARD

| NAME OF EVALUEE | SERVICE NO. | GRADE OR RATE | TOTAL YEARS ACTIVE SERVICE |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [ ] 20 OR MORE; [X] 8 OR MORE; [ ] LESS THAN 8 |

## SECTION III - FINDINGS

11. EXTENT OF DISABILITY *(Based upon the evaluee's over-all condition)*

| FIT | UNFIT | DESCRIPTION *(Check and complete)* |
|---|---|---|
| | X | a. TO PERFORM THE DUTIES OF GRADE OR RATING *(For other than BMIN Personnel)* |
| | | b. TO PERFORM THE DUTIES OF GRADE AND IN SPECIALTY AS DESIGNATED HEREIN *(For former BMIN personnel only)* |

12. LISTING OF DISABILITIES *(In column B answer "No" or enter "N" for neglect, "M" for misconduct or "A" for unauthorized absence. In column C answer either "Yes" or "No". In column D (1) answer "Yes" or "No", as applicable; if answer is negative, attach Explanatory Statement indicating basis for such answer, (2) make no entry if evaluee (regular or reserve on extended active duty) has eight or more years of active service. In column E and F answer "Yes" or "N/A" (not applicable) as appropriate; do not answer "Yes" in both columns. In column G enter percentage of disability. In column H enter rating code.*

| DIAGNOSIS OF EVALUEE *(List each diagnosis of the evaluee, numbering as (1), (2), etc. Briefly describe disability in the phraseology of the Veterans Administration Schedule for Rating Disabilities, indicating the degree of severity.)* | WILLFUL NEGLECT, INTENTIONAL MISCONDUCT OR UNAUTHORIZED ABSENCE | INCURRED WHILE ENTITLED TO RECEIVE BASIC PAY | PROXIMATE RESULT OF PERFORMANCE OF ACTIVE DUTY OR ACTIVE OR INACTIVE DUTY TRAINING OR INCURRED IN LINE OF DUTY DURING WAR OR NATIONAL EMERGENCY | IS PERMANENT | MAY BE PERMANENT | PERCENTAGE | VETERANS ADMINISTRATION DIAGNOSTIC CODE NUMBER |
|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H |
| HIV RELATED ILLNESS | NO | YES | YES | YES | N/A | 30% | 6351 |

COMPENSABLE PERCENTAGE OF DISABILITY *(Computed from VA Rating Schedule)*

THIRTY PERCENT

DEPARTMENT OF TRANSPORTATION, U.S. COAST GUARD, CG-3511A (Rev. 4-87)

## SECTION IV - DISPOSITION

13. DISPOSITION RECOMMENDED *(Check appropriate box)*

| | |
|---|---|
| | a. SEPARATION WITH SEVERANCE PAY |
| | b. SEPARATION WITHOUT SEVERANCE PAY |
| X | c. PERMANENT RETIREMENT |
| | d. TEMPORARY RETIREMENT |
| | e. RETURN TO DUTY |

14. DISPOSITION WITH REGARD TO MENTAL COMPETENCE *(Check only when mental competence is at issue)*

| | |
|---|---|
| | a. IT IS RECOMMENDED THAT THE EVALUEE BE ORDERED TO APPEAR BEFORE A BOARD OF NOT LESS THAN THREE MEDICAL OFFICERS TO DETERMINE WHETHER OR NOT HE IS CAPABLE OF MANAGING HIS OWN AFFAIRS. |

## SECTION V - ACCEPTANCE OF FINDINGS AND CERTIFICATION

15. NOTIFICATION

The evaluee whose case was considered, or his counsel, has been informed that his copy of the record of the proceedings of this hearing will be furnished to him in the near future, and that he may prepare such written comment or rebuttal to Items 11 and 12 as he may desire. The evaluee has been informed that any statement in rebuttal shall be submitted, within 15 days, excluding Sundays and holidays, after receipt of the copy of these proceedings.

The evaluee, or his counsel, has been informed that the findings of the Physical Evaluation Board are not final, but are subject to review by the Physical Review Council at Coast Guard Headquarters. In the event that the Physical Review Council does not concur with the Physical Evaluation Board, and the substitute findings would affect his ultimate disposition or would decrease the amount of his retired pay, he will be notified and afforded an opportunity to submit a statement of rebuttal. In the event a statement of rebuttal is to be submitted, such statement shall be submitted within 15 days of notification of substitute findings by the Physical Review Council.

16. SIGNATURES OF BOARD MEMBERS

| TYPED NAME AND GRADE | SERVICE NO. | SIGNATURE |
|---|---|---|
| TYPED NAME AND GRADE OF BOARD PRESIDENT<br>F. L. PROPST, CDR, USCG | | [signature] |
| TYPED NAME AND GRADE OF MEDICAL MEMBER<br>E. L. JONES, III, CAPT, USPHS | | [signature] |
| TYPED NAME AND GRADE OF OTHER MEMBER *(If other member is also designated as Recorder, so state)*<br>K. R. MARTIN, LT, USCGR | | K. R. Martin [signature] |
| TYPED NAME AND GRADE OF RECORDER *(When separate Recorder is designated)* | | |

17. ACCEPTANCE OF TENTATIVE FINDINGS BY EVALUEE

I ACCEPT THE TENTATIVE FINDINGS AND WAIVE MY RIGHTS TO A FORMAL HEARING BEFORE THE PHYSICAL EVALUATION BOARD

| DATE | TYPED NAME AND GRADE/RATE OF EVALUEE | SIGNATURE |
|---|---|---|
| | | |

## SECTION VI - REBUTTAL

18. REBUTTAL AFTER FORMAL HEARING *(Check appropriate box)*

| | |
|---|---|
| | a. REBUTTAL RECEIVED AND ATTACHED TO THIS RECORD |
| | b. PERIOD DURING WHICH REBUTTAL MAY BE FILED HAS ELAPSED AND NO REBUTTAL HAS BEEN RECEIVED |
| | c. EVALUEE HAS STATED IN WRITING THAT HE WILL NOT FILE A REBUTTAL *(Statement attached)* |

| DATE | TYPED NAME AND GRADE OF RECORDER | SIGNATURE |
|---|---|---|
| | | |