# TAB

# D1

# Department of Defense
# DIRECTIVE

NUMBER 1332.18
November 4, 1996
Certified Current as of December 1, 2003

ASD(FMP)

SUBJECT: Separation or Retirement for Physical Disability

References: (a) DoD Directive 1332.18, "Separation from the Military Service by Reason of Physical Disability," February 25, 1986 (hereby canceled)
(b) Title 10, United States Code
(c) Sections 3502, 5532, 6308, and 8332 of title 5, United States Code
(d) Section 104 of title 26, United States Code
(e) through (h), see enclosure 1

## 1. REISSUANCE AND PURPOSE

This Directive:

1.1. Reissues reference (a) to update policy and responsibilities for separation or retirement for physical disability under reference (b) and related determinations under references (c) and (d).

1.2. Incorporates policy and responsibility for conduct of Ready Reserve physical examinations and certification of physical condition under Section 10206 of reference (b).

1.3. Authorizes procedures under DoD Instruction 1332.38 reference (e)) and DoD Instruction 1332.39 (reference (f)) for the DoD Disability Evaluation System (DES).

1.4. Establishes policy for processing Active and Reserve component members who have conditions that are cause for referral for physical disability evaluation.

## 2. APPLICABILITY

This Directive applies to the Office of the Secretary of Defense, the Military Departments (including the Coast Guard when it is operating as a Military Service in the Navy), the Chairman of the Joint Chiefs of Staff, and the Combatant Commands (hereafter referred to collectively as "the DoD Components"). The term "Military Services," as used herein, refers to the Army, the Navy, the Air Force and the Marine Corps.

## 3. POLICY

It is DoD policy that:

3.1. The DES shall be the mechanism for implementing retirement or separation because of physical disability in accordance with Chapter 61 of 10 U.S.C. (reference (b)).

3.2. The DES shall consist of four elements: medical evaluation; physical disability evaluation, to include appellate review; counseling; and final disposition.

3.3. The sole standard to be used in making determinations of unfitness due to physical disability shall be unfitness to perform the duties of the member's office, grade, rank or rating because of disease or injury. In addition, retirement or separation because of physical disability requires determinations that the disability:

3.3.1. Further:

3.3.1.1. In the case of a member on active duty for more than 30 days, was incurred while the member was entitled to basic pay, or any other member of the Armed Forces, after September 23, 1996, who is on active duty but is not entitled to basic pay under 37 U.S.C. 502(b) (reference (g)) due to authorized absence to participate in an educational program, or for an emergency purpose, as determined by the Secretary concerned; or

3.3.1.2. In the case of a member on active duty for 30 days or less, is the proximate result of, or was incurred in line of duty after September 23, 1996, as a result of:

3.3.1.2.1. Performing active duty or inactive duty training;

3.3.1.2.2. Traveling directly to or from the place at which such duty is performed; or

3.3.1.2.3. After September 23, 1996, an injury illness, or disease incurred or aggravated while remaining overnight, between successive periods of inactive duty training, at or in the vicinity of the site of the inactive duty training, if the site is outside reasonable commuting distance of the member's residence.

3.3.2. Is of a permanent nature.

3.3.3. Was not the result of intentional misconduct or willful neglect and was not incurred during a period of unauthorized absence.

3.4. Each member of the Ready Reserve shall be examined as to his or her physical fitness every five years, or more often if the Secretary concerned considers it necessary, and, if not on extended active duty or full-time National Guard duty, shall execute and submit annually to the Secretary concerned a certificate of physical condition. Each member of the Standby Reserve shall, in accordance with procedures established by the Secretary, execute and submit annually a certificate of physical condition.

3.5. Any member of the Ready Reserve who is pending separation for a non-duty related impairment or condition shall be afforded the opportunity to enter the DES for a determination of fitness. If determined fit, the Secretary concerned may deem the member medically qualified for retention in the Ready Reserve in the specialty for which he or she was found fit.

3.6. Service members who have conditions that are cause for referral into the DES shall be processed in a timely manner. In no case shall timely disposition from the Service result in denial of transition and leave entitlements provided by statute.

3.7. The standards for determining unfitness because of physical disability or medical disqualification and the compensability of unfitting disabilities shall be uniform among the Services and between components within an individual Service. (See DoD Instruction 1332.38 (reference (e)).)

3.8. The assignment of disability ratings shall be based on the Veterans Administration Schedule for Rating Disabilities (VASRD) (reference (h)) as implemented by reference (e) and DoD Instruction 1332.39 (reference (f)).

3.9. Service members who are otherwise eligible for, and who have the minimum number of years of service to qualify for, military retirement under any law in effect at the time of their physical disability evaluation, and who are pending separation for unfitness because of physical disability or medical disqualification, shall be afforded the opportunity to elect disability separation or to apply for, and, if approved, be retired for length of service. Further, the same opportunity shall be afforded members recommended for placement on or separation from the Temporary Disability Retired List (TDRL).

3.10. A Service member shall be placed on the TDRL when the member meets the requirements for permanent disability retirement, except that the member's disability is not determined to be stable. A disability shall be determined to be stable when the preponderance of medical evidence indicates the severity of the condition will probably not change within the next five years so as to warrant an increase or decrease in the disability rating percentage.

3.11. The TDRL shall be managed to meet the requirements under Chapter 61 of 10 U.S.C. (reference (b)) for periodic physical examination, suspension of retired pay, and prompt removal from the TDRL.

3.12. As an exception to general policy, the Secretary concerned, upon the request of the member or upon the exercise of discretion based on the needs of the Service, may continue in a permanent limited duty status either on active duty or in the Ready Reserve a member determined unfit because of physical disability when the member's service obligation or special skill and experience justifies such continuation.

3.13. Service members referred for physical disability evaluation shall be afforded, at appropriate stages of processing, comprehensive counseling on the significance of the actions proposed and the related rights, entitlements, and benefits.

3.14. The record of proceedings for members determined unfit shall include a recommendation or determination and supporting documentation on whether the member's disability meets the requirements under:

3.14.1. 5 U.S.C. 3502, 5532, 6308, and 8332 (reference (c)) for entitlement to certain considerations or exemptions if subsequently employed under Federal Civil Service; and

3.14.2. 26 U.S.C. 104 (reference (d)) for exclusion of disability compensation from Federal gross income for purposes of taxation.

4. RESPONSIBILITIES

4.1. The Assistant Secretary of Defense for Force Management Policy, under the Under Secretary of Defense for Personnel and Readiness, shall:

4.1.1. In coordination with the Assistant Secretary of Defense for Health Affairs (ASD(HA)) and the Assistant Secretary of Defense for Reserve Affairs (ASD(RA)), develop and maintain a program of instruction for the DES.

4.1.2. Monitor changes and proposed changes to military personnel and compensation statutes and DoD policy, and other pertinent authorities, to assess their impact on physical disability evaluation, Reserve component medical disqualification, and related benefits; and issue timely guidance to the Military Services, as appropriate.

4.1.3. Coordinate with the ASD(HA) and the ASD(RA) in developing policy for referral of members into the DES.

4.1.4. Issue and maintain DoD Instruction 1332.38 (reference (e)).

4.2. The Assistant Secretary of Defense for Health Affairs, under the Under Secretary of Defense for Personnel and Readiness, shall:

4.2.1. Monitor changes to the statutes, laws, and regulations of the Department of Veterans Affairs to assess their impact on the Department of Defense's application of the VASRD (reference (h)) to Service members determined unfit because of physical disability, and issue timely guidance to the Military Services, as appropriate, upon coordination with the Assistant Secretary of Defense for Force Management Policy.

4.2.2. Develop and periodically review medical standards for referral of Service members into the DES.

4.2.3. Recommend changes to and maintain DoD Instruction 1332.39 (reference (f)).

4.2.4. Monitor the medical element of the DES and propose corrective actions as required.

4.2.5. Develop policies for the medical component of the DES, to include the establishment of minimum standards for Medical Evaluation Boards (MEBs), Reserve

component medical examinations forwarded to Physical Evaluation Boards (PEBs), and TDRL periodic reexaminations.

4.2.6. Develop and maintain a program of instruction for use by military treatment facilities on the preparation of MEBs for physical disability cases.

4.2.7. Develop a program of instruction for use by PEB adjudicators and appellate review authorities on the medical aspects of physical disability adjudication, to include the application of the VASRD (reference (h)).

4.2.8. Monitor the timeliness of the medical component of the DES.

4.2.9. Develop policy for conduct of maximum interval physical examinations and certification of physical condition for members of the Reserve components.

4.3. The <u>Assistant Secretary of Defense for Reserve Affairs</u>, under the <u>Under Secretary of Defense for Personnel and Readiness</u>, shall ensure that policies for the DES are applicable to members of the Ready Reserve and those policies for the Ready Reserve are consistent with the policies established for active component personnel.

4.4. The <u>Secretaries of the Military Departments</u> shall:

4.4.1. Ensure compliance with Chapter 61 of 10 U.S.C. (reference (b)), this Directive, and Instructions and guidance issued under the authority of this Directive.

4.4.2. Establish the Service-specific DES to consist of the four components designated in paragraph 3.2., above.

4.4.3. Manage the Service-specific DES to ensure physical disability evaluation is accomplished in a timely manner with uniform application of the governing laws and DoD policy.

4.4.4. Ensure that physicians who serve on MEBs are trained in the preparation of MEBs for physical disability evaluation.

4.4.5. Ensure that PEB members and applicable review authorities are trained and certified in physical disability evaluation.

4.4.6. Ensure all matters raising issues of fraud within the DES are investigated and resolved as appropriate.

4.4.7. Defer a determination of disability retirement of any officer who is being processed for, is scheduled for, or has received non-disability retirement for age or length of service until such determination is approved by the Under Secretary of Defense (Personnel and Readiness) on the recommendation of the ASD(HA) under Section 1216(b) of reference (b).

5. <u>EFFECTIVE DATE</u>

This Directive is effective immediately.

John P. White
Deputy Secretary of Defense

Enclosures - 1
E1. References, continued

## E1. ENCLOSURE 1

### REFERENCES, continued

(e) DoD Instruction 1332.38, "Physical Disability Evaluation," November 14, 1996
(f) DoD Instruction 1332.39, "Application of the Veterans Administration Schedule for Rating Disabilities," November 14, 1996
(g) Section 502(b) of title 37, United States Code
(h) Title 38, Code of Federal Regulations, Part 4, "Veterans Administration Schedule for Rating Disabilities"

Department of Defense
# INSTRUCTION

NUMBER 1332.38
November 14, 1996

ASD(FMP)

SUBJECT: Physical Disability Evaluation

References: (a) DoD Directive 1332.18, "Separation or Retirement for Physical Disability," November 4, 1996
(b) Title 10, United States Code
(c) Sections 3502, 5532, 6303, and 18332 of title 5, United States Code
(d) Sections 206 and 502 of title 37, United States Code
(e) through (k), see enclosure 1

## 1. PURPOSE

This Instruction implements policy, assigns responsibilities, and prescribes procedures under references (a) and (b) for:

1.1. Retiring or separating Service members because of physical disability.

1.2. Making administrative determinations under references (c) and (d) for Service members with Service-incurred or Service aggravated conditions.

1.3. Authorizing a fitness determination for members of the Ready Reserve who are ineligible for benefits under reference (b) because the condition is unrelated to military status and duty.

## 2. APPLICABILITY

This Instruction applies to the Office of the Secretary of Defense (OSD), the Military Departments (including the Coast Guard when it is operating as a Military Service in the Navy), the Chairman of the Joint Chiefs of Staff, and the Combatant Commands (hereafter referred to collectively as "the DoD Components"). The term "Military

Services," as used herein, refers to the Army, the Navy, the Air Force and the Marine Corps.

3. DEFINITIONS

Terms used in this Instruction are defined at enclosure 2.

4. POLICY

It is DoD policy under reference (a) that:

4.1. The DoD Disability Evaluation System (DES) shall be established to conduct physical disability evaluation in a consistent and timely manner.

4.2. Members of the Reserve components who are not on a call to active duty of more than 30 days and who are medically disqualified for impairments unrelated to the member's military status and performance of duty shall be referred into the DES solely for a fitness determination upon the request of the member or when directed by the Secretary concerned.

4.3. The applicable standards for all determinations related to physical disability evaluation shall be consistently and equitably applied, in accordance with 10 U.S.C. (reference (b)), to Active component and Ready Reserve members.

5. RESPONSIBILITIES

5.1. The Under Secretary of Defense for Personnel and Readiness shall:

5.1.1. Exercise cognizance and oversight of the DoD DES.

5.1.2. Make the final decision on requests from the Military Departments for exceptions to the standards of this Instruction.

5.2. The Assistant Secretary of Defense for Force Management Policy, under the Under Secretary of Defense for Personnel and Readiness, shall:

5.2.1. Exercise cognizance of laws, policies, and regulations that effect the DES.

5.2.2. Issue guidance, as required, to further interpret, implement, and govern the policy and procedures for the four elements of the DES.

5.2.3. Establish necessary reporting requirements to monitor and assess the performance of the DES and compliance of the Military Departments with this Instruction and DoD Directive 1332.18 (reference (a)).

5.2.4. Coordinate with the Assistant Secretary of Defense for Reserve Affairs concerning the impact of laws and DoD policy on Reserve members who have conditions that are cause for medical disqualification.

5.2.5. Coordinate with the Assistant Secretary of Defense for Health Affairs in developing procedures for medical issues pertaining to physical disability evaluation.

5.2.6. Review substantive changes proposed by the Military Departments to Departmental policies and procedures for physical disability evaluation that affect the uniformity of standards for separation or retirement for unfitness because of physical disability or separation of Ready Reserve members for medical disqualification.

5.2.7. Develop quality assurance procedures to ensure that policies are applied in a fair and consistent manner.

5.3. The Assistant Secretary of Defense for Health Affairs, under the Under Secretary of Defense for Personnel and Readiness, shall:

5.3.1. Make recommendations for a final decision by the Secretary of Defense on the unfit findings on all officers in pay grade 0-7 or higher and medical officers in any grade who are pending nondisability retirement for age or length of service at the time of their referral into the DES.

5.3.2. Review substantive changes proposed by the Military Departments in their supplemental medical standards to enclosure 4 of this Instruction concerning medical conditions that are cause for referral of a member into the DES.

5.4. The Assistant Secretary of Defense for Reserve Affairs, under the Under Secretary of Defense for Personnel and Readiness, shall coordinate as necessary to ensure that procedures for the DES apply consistently and uniformly to members of the Reserve components.

5.5. The Secretaries of the Military Departments shall:

5.5.1. Ensure that members with conditions that may be cause for referral into the DES are counseled at appropriate stages on the DES process and the member's rights, entitlements, and benefits.

5.5.2. Establish a quality assurance process to ensure that policies and procedures established by DoD Directive 1332.18 (reference (a)) and this Instruction are interpreted uniformly.

5.5.3. Make determinations on unfitness because of medical disqualification or physical disability; entitlement to assignment of percentage of disability at the time of retirement or separation because of physical disability; and, except as limited by 10 U.S.C. 1216(d) (reference (b)), entitlement to and payment of disability retired and severance pay.

5.5.4. Ensure that the record of proceedings for physical disability cases supports the findings and recommendations made.

5.5.5. Ensure the Temporary Disability Retired List (TDRL) is managed to meet the requirements of 10 U.S.C. 1210 (reference (b)) for timely periodic physical examinations, suspension of retired pay, and removal from the TDRL.

5.5.6. Designate a Military Department representative to serve as the Department representative for the Disability Evaluation System.

5.5.7. Ensure all matters raising issues of fraud on the DES by members are investigated and resolved as appropriate.

## 6. PROCEDURES

See enclosure 3.

7. EFFECTIVE DATE

This Instruction is effective for all MEBs 120 days after the date of this Instruction.

Edwin Dorn
Under Secretary of Defense for
Personnel and Readiness

Enclosures - 5

1. References
2. Definitions
3. Procedures
4. Guidelines Regarding Medical Conditions and Physical Defects That Are Cause for Referral into the Disability Evaluation System
5. Conditions Not Constituting a Physical Disability

# E1. ENCLOSURE 1

## REFERENCES, continued

(e) DoD Directive 6130.3, "Physical Standards for Appointment, Enlistment, Induction", May 2, 1994

(f) Section 104 of title 26, United States Code

(g) DoD Directive 1332.27, "Survivor Benefit Plan", January 4, 1974

(h) DoD Directive 1332.35, "Transition Assistance for Military Personnel," December 9, 1993

(i) DoD Instruction 1332.39, "Application of the Veterans Administration Schedule for Rating Disabilities," November 14, 1996

(j) Sections 801-940 of title 10, United States Code, "Uniform Code of Military Justice"

(k) Sections 101 and 302 of title 38, United States Code

## E2. ENCLOSURE 2

## DEFINITIONS, continued

E2.1.1. Accepted Medical Principles. Fundamental deductions, consistent with medical facts that are so reasonable and logical as to create a virtual certainty that they are correct.

E2.1.2. Accession Standards. Physical standards or guidelines that establish the minimum medical conditions and physical defects acceptable for an individual to be considered eligible for appointment, enlistment or induction into the Military Services under DoD Directive 6130.3 (reference (e)).

E2.1.3. Active Duty. Full-time duty in the active Military Service of the United States. It includes:

E2.1.3.1. Full-time National Guard Duty.

E2.1.3.2. Annual training.

E2.1.3.3. Attendance while in active Military Service at a school designated as a Service school by law or by the Secretary of the Military Department concerned.

E2.1.3.4. Service by a member of a Reserve component ordered to active duty (with or without his or her consent), or active duty for training (with his or her consent), with or without pay under competent orders.

E2.1.4. Active Duty for a Period of More than 30 Days. Active duty or full-time National Guard Duty under a call or order that does not specify a period of 30 days or less.

E2.1.5. Active Reserve Status. Status of all Reserves who are not on an active-duty list maintained under Section 574 or 620 of 10 U.S.C. (reference (b)), except those in the inactive National Guard, on an inactive status list or in the Retired Reserve. Reservists in an active status may train with or without pay, earn retirement points, and may earn credit for and be considered for promotion. In accordance with the Reserve Officer Personnel Management Act (ROPMA), a member in an Active Reserve status must be on the Reserve Active-Status List (RASL) (10 U.S.C. 14002 (reference b)).

E2.1.6. Active Service. Service on active duty or full-time National Guard duty.

E2.1.7. Compensable Disability. A medical condition determined to be unfitting by reason of physical disability and which meets the statutory criteria under Chapter 61 of reference (b) for entitlement to disability retired or severance pay.

E2.1.8. Competency Board. A board consisting of at least three medical officers or physicians (including one psychiatrist) convened to determine whether a member is competent (capable of making a rational decision regarding his or her personal and financial affairs).

E2.1.9. Death. A determination of death must be made in accordance with accepted medical standards and the laws of the State where the member is located or the military medical standards in effect at an overseas location.

E2.1.10. Deployability. A determination that the member is free of a medical condition(s) that prevents positioning the member individually or as part of a unit, with or without prior notification to a location outside the Continental United States for an unspecified period of time.

E2.1.11. Duty Related Impairments. Impairments which, in the case of a member on active duty for 30 days or less, are the proximate result of, or were incurred in line of duty after September 23, 1996, as a result of:

E2.1.11.1. Performing active duty or inactive duty training;

E2.1.11.2. Traveling directly to or from the place at which such duty is performed; or

E2.1.11.3. After September 23, 1996, an injury, illness, or disease incurred or aggravated while remaining overnight, between successive periods for purposes of IDT, at or in the vicinity of the site of the IDT, if the site is outside reasonable commuting distance of the member's residence.

E2.1.12. Extended Active Duty. Active duty under orders specifying a period of more than 30 days.

E2.1.13. Final Reviewing Authority. The final approving authority for the findings and recommendations of the PEB.

E2.1.14. Full and Fair Hearing. A hearing held by a board, before which the Service member has the right to make a personal appearance with the assistance of counsel and to present evidence in his or her behalf.

E2.1.15. Impairment of Function. Any disease or residual of an injury that results in a lessening or weakening of the capacity of the body or its parts to perform normally, according to accepted medical principles.

E2.1.16. Inactive Duty Training (IDT). Duty prescribed for Reservists, other than active duty or full-time National Guard Duty, under 37 U.S.C. 206 (reference (d)) or other provision of law. It does not include work or study in connection with a correspondence course of a Uniformed Service.

E2.1.17. Instrumentality of War. A vehicle, vessel, or device designed primarily for Military Service and intended for use in such Service at the time of the occurrence of the injury. It may also be a vehicle, vessel, or device not designed primarily for Military Service if use of or occurrence involving such a vehicle, vessel, or device subjects the individual to a hazard peculiar to Military Service. This use or occurrence differs from the use or occurrence under similar circumstances in civilian pursuits. There must be a direct causal relationship between the use of the instrumentality of war and the disability, and the disability must be incurred incident to a hazard or risk of the service.

E2.1.18. Line of Duty Investigation. An inquiry used to determine whether an injury or disease of a member performing military duty was incurred in a duty status; if not in a duty status, whether it was aggravated by military duty; and whether incurrence or aggravation was due to the member's intentional misconduct or willful negligence.

E2.1.19. Natural Progression. The worsening of a pre-Service impairment that would have occurred within the same timeframe regardless of Military Service.

E2.1.20. Nonduty Related Impairments. Impairments of members of the Reserve components that were neither incurred nor aggravated while the member was performing duty, to include no incident of manifestation while performing duty which raises the question of aggravation. Members with nonduty related impairments are eligible to be referred to the PEB for solely a fitness determination but not a determination of eligibility for disability benefits.

E2.1.21. Office, Grade, Rank, or Rating.

E2.1.21.1. Office. A position of duty, trust, authority to which an individual is appointed.

E2.1.21.2. Grade. A step or degree in a graduated scale of office or military rank that is established and designated as a grade by law or regulation.

E2.1.21.3. Rank. The order of precedence among members of the Armed Forces.

E2.1.21.4. Rating. The name (such as "Boatswain's Mate") prescribed for members of an Armed Force in an occupational field.

E2.1.22. Optimum Hospital and Medical Treatment Benefits. The point of hospitalization or treatment when a member's progress appears to be stabilized; or when, following administration of essential initial medical treatment, the patient's medical prognosis for being capable of performing further duty can be determined.

E2.1.23. Performing Military Duty of 30 days or less. A term used to inclusively cover the categories of duty pertaining to 10 U.S.C. 1204 - 1206 (reference (b)) (active duty, IDT, and travel directly to and from active duty or IDT).

E2.1.24. Permanent Limited Duty. The continuation on active duty or in the Ready Reserve in a limited duty capacity of a Service member determined unfit as a result of physical disability evaluation or medical disqualification.

E2.1.25. Physical Disability. Any impairment due to disease or injury, regardless of degree, that reduces or prevents an individual's actual or presumed ability to engage in gainful employment or normal activity. The term "physical disability" includes mental disease, but not such inherent defects as behavioral disorders, adjustment disorders, personality disorders, and primary mental deficiencies. A medical impairment or physical defect standing alone does not constitute a physical disability. To constitute a physical disability, the medical impairment or physical defect must be of such a nature and degree of severity as to interfere with the member's ability to adequately perform his or her duties.

E2.1.26. Preponderance of Evidence. That evidence that tends to prove one side of a disputed fact by outweighing the evidence on the other side (that is, more than 50 percent). Preponderance does not necessarily mean a greater number of witnesses or a greater mass of evidence; rather, preponderance means a superiority of evidence on one side or the other of a disputed fact. It is a term that refers to the

quality, rather than the quantity of the evidence.

E2.1.27. Presumption. An inference of the truth of a proposition or fact, reached through a process of reasoning and based on the existence of other facts. Matters that are presumed need no proof to support them, but may be rebutted by evidence to the contrary.

E2.1.28. Presumption Period. The designated time frame that requires application of the Presumption of Fitness Rule to a member's physical disability evaluation.

E2.1.29. Proximate Result. A permanent disability the result of, arising from, or connected with active duty, annual training, active duty for training, or inactive duty training (IDT), (etc.) to include travel to and from such duty or remaining overnight between successive periods of inactive duty training. Proximate result is a statutory criteria for entitlement to disability compensation under Chapter 61 of reference (b) applicable to Reserve component members who incur or aggravate a disability while performing an ordered period of military duty of 30 days or less.

E2.1.30. Ready Reserve. Units and individual reservists liable for active duty as outlined in Sections 12301 (Full Mobilization) and 12302 (Partial Mobilization) of 10 U.S.C. (reference (b)). This includes members of units, members of the Active Guard Reserve Program, Individual Mobilization Augmentees, Individual Ready Reserve, and the Inactive National Guard.

E2.1.31. Retention Standards. Physical standards or guidelines which establish those medical conditions or physical defects that may render a Service member unfit for further Military Service and are therefore cause for referral of the member into the DES.30.

E2.1.32. Service Aggravation. The permanent worsening of a pre-Service medical condition over and above the natural progression of the condition caused by trauma or the nature of Military Service.

# E3. ENCLOSURE 3

## PROCEDURES

## TABLE OF CONTENTS


| PART 1. | OPERATIONAL STANDARDS FOR THE DES | Page |
|---|---|---|
| E3.P1.1. | Overview of the DES | 16 |
| E3.P1.2. | Medical Evaluation | 16 |
| E3.P1.2.1. | Purpose | 16 |
| E3.P1.2.2. | Type of Evaluation | 16 |
| E3.P1.2.3. | Content | 17 |
| E3.P1.2.4. | Competency | 17 |
| E3.P1.2.5. | TDRL Periodic Examinations | 17 |
| E3.P1.2.6. | Physician's Guide | 18 |
| E3.P1.2.7. | Nonmedical Documentation | 18 |
| E3.P1.2.8. | Ready Reserve Nonduty-Related Impairments | 18 |
| E3.P1.3. | Physical Disability Evaluation | 18 |
| E3.P1.3.1. | Purpose | 18 |
| E3.P1.3.2. | Informal PEB | 19 |
| E3.P1.3.3. | Formal PEB | 19 |
| E3.P1.3.3.1. | Eligibility | 19 |
| E3.P1.3.3.2. | Directed Formal | 19 |
| E3.P1.3.3.3. | Issues | 19 |
| E3.P1.3.3.4. | Submission of Informal PEB Rebuttal | 19 |
| E3.P1.3.3.5. | Hearing Rights | 20 |
| E3.P1.3.4. | Record of Proceedings | 21 |
| E3.P1.3.4.1. | Duty-Related Impairments | 21 |
| E3.P1.3.4.2. | Nonduty-Related Conditions | 22 |
| E3.P1.3.4.3. | Rationales | 22 |
| E3.P1.3.5. | Quality Assurance | 22 |
| E3.P1.4. | Counseling | 22 |
| E3.P1.4.1. | Purpose | 22 |
| E3.P1.4.2. | Topics | 22 |
| E3.P1.4.3. | Ready Reserve Members | 23 |
| E3.P1.4.4. | Incompetent Members | 23 |
| E3.P1.4.5. | Pre-separation Counseling | 23 |
| E3.P1.5. | Personnel | 23 |
| E3.P1.5.1. | Purpose | 23 |
| E3.P1.5.2. | Functions | 23 |
| E3.P1.6. | Time Standards for Case Processing | 24 |
| E3.P1.6.1. | Referral Time Frame | 24 |
| E3.P1.6.2. | Medical | 24 |
| E3.P1.6.2.1. | Duty Related | 24 |
| E3.P1.6.2.2. | Nonduty-Related | 24 |
| E3.P1.6.3. | PEB | 24 |
| E3.P1.6.4. | Imminent Death Processing | 24 |

TABLE OF CONTENTS, continued


| | | |
|---|---|---|
| E3.P1.7. | Training and Education | 25 |
| PART 2. | ELEGIBILITY FOR REFERRAL | 26 |
| E3.P2.1. | Criteria for Referral | 26 |
| E3.P2.2. | Duty-Related Impairments | 26 |
| E3.P2.3. | Nonduty-Related Impairments | 27 |
| E3.P2.4. | Ineligibility for Referral | 27 |
| E3.P2.5. | Members with a Nonwaivered Pre-Existing Condition | 28 |
| E3.P2.6. | Members with Medical Waivers | 28 |
| E3.P2.7. | Waiver of MEB/PEB Evaluation | 29 |
| PART 3. | STANDARDS FOR DETERMINING UNFITNESS DUE TO PHYSICAL DISABILITY OR MEDICAL DISQUALIFICATION | 30 |
| E3.P3.1. | Uniformity of Standards | 30 |
| E3.P3.2. | General Criteria for Making Unfitness Determinations | 31 |
| E3.P3.3. | Relevant Evidence | 30 |
| E3.P3.3.1. | Referral Following Illness or Injury | 30 |
| E3.P3.3.2. | Referral for Chronic Impairment | 31 |
| E3.P3.3.3. | Adequate Performance Until Referral | 31 |
| E3.P3.3.4. | Cause and Effect Relationship | 31 |
| E3.P3.4. | Reasonable Performance of Duties | 31 |
| E3.P3.4.1. | Considerations | 31 |
| E3.P3.4.1.1. | Common Military Tasks | 31 |
| E3.P3.4.1.2. | Physical Fitness Test | 31 |
| E3.P3.4.1.3. | Deployability | 32 |
| E3.P3.4.1.4. | Special Qualifications | 32 |
| E3.P3.4.2. | General, Flag, and Medical Officers | 32 |
| E3.P3.4.3. | Members on Permanent Limited Duty | 32 |
| E3.P3.4.4. | Overall Effect | 32 |
| E3.P.3.5. | Presumption of Fitness | 32 |
| E3.P3.5.1. | Application | 32 |
| E3.P3.5.2. | Presumptive Period | 33 |
| E3.P3.5.3. | Overcoming the Presumption | 33 |
| E3.P.3.6. | Evidentiary Standards for Determining Unfitness Because of Physical Disability | 34 |
| E3.P3.6.1. | Factual Finding | 34 |
| E3.P3.6.2. | Preponderance of Evidence | 34 |
| PART 4. | STANDARDS FOR DETERMINING COMPENSABLE DISABILITIES | 35 |
| E3.P4.1. | Overview of Compensable Criteria | 35 |
| E3.P4.2. | Proximate Result | 36 |
| E3.P4.3. | Applicable Statute for Reserve Component Members | 36 |

## TABLE OF CONTENTS, continued


E3.P4.4. Line of Duty Requirements 36
E3.P4.4.1. Uses 37
E3.P4.4.2. Relationship of Line of Duty Findings to DES Determinations 37
E3.P4.4.3. Referral Requirement 38
E3.P4.4.4. Presumptive Determinations 38
E3.P4.4.5. Required Determinations 38
E3.P4.5. Evidentiary Standards for Determining Compensability of Unfitting Conditions 39
E3.P4.5.1. Misconduct and Negligence 39
E3.P4.5.2. Presumptions for Members on Ordered Active Duty of More Than 30 Days 39
E3.P4.5.2.1. At Time of Entry 39
E3.P4.5.2.2. After Entry 39
E3.P4.5.2.2.1. Presumption 39
E3.P4.5.2.2.2. Hereditary and/or Genetic Diseases 39
E3.P4.5.2.3. Presumption of Aggravation 39
E3.P4.5.3. Prior-Service Impairments 40
E3.P4.5.4. Conditions Presumed To Be Pre-existing 40
E3.P4.5.5. Medical Waivers 40
E3.P4.5.6. Treatment of Pre-Existing Conditions 41
E3.P4.6. Rating Disabilities 41
PART 5. ADMINISTRATIVE DETERMINATIONS 42
E3.P5.1. Administrative Determinations for Purposes of Employment under Federal Civil Service 42
E3.P5.1.1. Incurred in Combat with an Enemy of the United States (5 U.S.C. 8332) (Reference (c)) 42
E3.P5.1.2. Armed Confllict (5 U.S.C. 3502, 5532, 6303) (Reference (c)) 42
E3.P5.1.3. Instrumentality of War during a Period of War (5 U.S.C. 3502, 5532, 6303) (Reference (c)) 42
E3.P5.1.3.1. World War II 43
E3.P5.1.3.2. Korea 43
E3.P5.1.3.3. Vietnam 43
E3.P5.1.3.4. Persian Gulf War 43
E3.P5.2. Determinations for Federal Tax Benefits 43
E3.P5.2.1. Status 43
E3.P5.2.2. Combat Related 44

TABLE OF CONTENTS, continued


PART 6. TDRL Management 45
E3.P6.1. Placement on the TDRL 45
E3.P6.2. TDRL Reevaluation 45
E3.P6.2.1. Administrative Finality 45
E3.P6.2.2. New Diagnoses 45
E3.P6.2.3. Member Medical Records 45
E3.P6.2.4. Compensability of New Diagnoses 46
E3.P6.2.5. Current Physical Examination 46
E3.P6.2.6. Refusal or Failure to Report 46
E3.P6.2.7. Priority 46
E3.P6.2.8. Reports from non MTFs 46
E3.P6.2.9. Incarcerated Members 47
PART 7. FINAL DISPOSITION 48
E3.P7.1. Final Decision Authority 48
E3.P7.1.1. Secretary of Defense (or Secretary of Transportation) 48
E3.P7.1.2. Secretary of the Military Department 48
E3.P7.2. General Rules Regarding Disposition 48
E3.P7.2.1. Retirement 48
E3.P7.2.2. Fit Off the TDRL 49
E3.P7.2.2.1. Appointment and/or Enlistment 49
E3.P7.2.2.2. Recall to Active Duty 49
E3.P7.2.2.2.1. Regular Component Members 49
E3.P7.2.2.2.2. Reserve Component 49
E3.P7.2.2.3. Separation 49
E3.P7.2.2.4. Termination of TDRL 49
E3.P7.3. Continuance of Unfit Members on Active Duty or in the Ready Reserve 50
E3.P7.4. Transition Benefits 50
E3.P7.5. Dispositions for Unfit Members 50
E3.P7.5.1. Permanent Disability Retirement 50
E3.P7.5.2. Placement on the TDRL 50
E3.P7.5.3. Separation with Disability Severance Pay 50
E3.P7.5.3.1. Criteria 50
E3.P7.5.3.2. Active Service 51
E3.P7.5.3.3. Transfer to Retired Reserve 51
E3.P7.5.3.4. Ready Reserve Early Qualification for Retired Pay 51
E3.P7.5.4. Separation under Chapter 61 of 10 U.S.C. (Reference (b)) without Entitlement to Benefits 51
E3.P7.5.5. Discharge under other than Chapter 61 of 10 U.S.C. (Reference (b)) 51
E3.P7.5.6. Revert with Disability Benefits 52

E3.P1. ENCLOSURE 3 PART 1

OPERATIONAL STANDARDS FOR THE DES

E3.P1.1. Overview of the DES.

Under the supervision of the Secretary concerned, each DES shall consist of four elements:

E3.P1.1.1. Medical evaluation by Medical Evaluation Boards (MEBs), Ready Reserve physical examinations, and TDRL periodic physical examinations.

E3.P1.1.2. Physical disability evaluation by Physical Evaluation Board (PEBs), to include appellate review.

E3.P1.1.3. Service member counseling.

E3.P1.1.4. Final disposition by appropriate personnel authorities.

E3.P1.2. Medical Evaluation

E3.P1.2.1. Purpose. The medical evaluation element of the DES shall document under departmental regulations the medical status and duty limitations of Service members referred into the DES.

E3.P1.2.2. Type of Evaluation. Medical evaluation is required for personnel undergoing a Medical Evaluation Board when:

E3.P1.2.2.1. The Service member is on active duty under orders specifying a period of more than 30 days.

E3.P1.2.2.2. The Service member is a Reserve component member referred for a duty related impairment.

E3.P1.2.2.3. The member is on the TDRL and due for a periodic physical examination.

Either a physical examination or a MEB is required when a Reserve component member is referred for impairments unrelated to the member's military status and performance of duty (see definition for nonduty-related impairments). Before submission to the PEB, physical examinations accomplished by other than a medical

treatment facility (MTF) shall be forwarded through command channels to the medical approving authority designated by the respective Service for review and approval.

E3.P1.2.3. Content. MEBs, TDRL physical examinations, and Reserve component physical examinations shall document the full clinical information of all medical conditions the Service member has and state whether each condition is cause for referral into the DES. (See enclosure 4 of this Instruction.) Clinical information shall include a medical history, appropriate physical examination, medical tests and their results, medical and surgical consultations as necessary or indicated, diagnoses, treatment, and prognosis. MEBs shall not state a conclusion of unfitness because of physical disability, assignment of disability percentage rating, or the appropriate disposition under Chapter 61 of 10 U.S.C. (reference (b)).

E3.P1.2.4. Competency. MEBs and TDRL periodic examinations shall include the results of a competency board when the member has a functional or organic disorder that makes questionable the member's ability to handle his or her personal affairs and to understand and cooperate in MEB and PEB proceedings.

E3.P1.2.5. TDRL Periodic Examinations. In addition to the requirements specified above, TDRL periodic examinations shall address:

E3.P1.2.5.1. An estimate of change since the previous examination.

E3.P1.2.5.2. Etiology of all medical impairments diagnosed since the member was placed on the TDRL, to include:

E3.P1.2.5.2.1. Whether the new diagnosis was caused either by the condition for which the member was placed on the TDRL or the treatment received for such a condition.

E3.P1.2.5.2.2. If not caused by the condition for which the member was placed on the TDRL, whether the member's medical records document incurrence or aggravation of the condition while the member was in a military duty status; and if so, whether the condition was cause for referral into the DES at the time the member was placed on the TDRL.

E3.P1.2.5.3. The stability of the condition. If the condition remains unstable, the report of examination shall address the progress of the disability and a suggested time frame (not to exceed 18 months) for the next examination.

E3.P1.2.5.4. A detailed occupational history and an indication of pertinent social and recreational activities, and activities of daily living.

E3.P1.2.6. Physician's Guide. Physicians who prepare MEBs and TDRL periodic physical examinations for referral for physical disability evaluation are encouraged to use the DVA's Physician's Guide for Disability Evaluation Examinations to describe the nature and degree of severity of the member's condition.

E3.P1.2.7. Nonmedical Documentation. For cases of members with duty-related impairments, the MTF shall forward to the PEB with the MEB documentation, the documents listed in paragraphs E3.P1.2.7.1. through E2.P1.2.7.4., below.

E3.P1.2.7.1. A copy of the line of duty determination under subsection E3.P4.4.3. of Part 4.

E3.P1.2.7.2. Except in situations of critical illness or injury in which return to duty is not expected, a statement from the member's immediate commanding officer describing the impact of the member's medical condition on the member's ability to perform his or her normal military duties and to deploy or mobilize, as applicable. When the member has been reassigned for medical purposes (for example, to a medical holding unit) the MTF will obtain this statement from the member's former unit commander.

E3.P1.2.7.3. Pertinent personnel records, as required by the member's Service, to establish the member's military history.

E3.P1.2.7.4. Official document identifying the next-of-kin, court appointed guardian, or trustee when a Service member is determined incompetent. (See subsection E3.P1.2.4. of Part 1.)

E3.P1.2.8. Ready Reserve Nonduty-Related Impairments. Cases of Ready Reserve members with nonduty-related impairments (see definition) will be referred to the PEB in accordance with Service regulations.

E3.P1.3. Physical Disability Evaluation

E3.P1.3.1. Purpose. The physical disability evaluation element of the DES shall determine the fitness of Service members with medical impairments to perform

their military duties; and for members determined unfit for duty-related impairments, their entitlement to benefits under Chapter 61 of 10 U.S.C. (reference (b)). Physical disability evaluation shall be conducted by PEBs and include the elements in subsections E3.P1.3.2. through E3.P1.3.5., below.

E3.P1.3.2. Informal PEB. The informal PEB will conduct a documentary review without the presence of the Service member for providing initial findings and recommendations.

E3.P1.3.3. Formal PEB. Eligible Service members shall be provided a minimum of one opportunity for a formal PEB to fulfill the statutory requirement of Section 1214 of reference (b) for a full and fair hearing when requested by a Service member being separated or retired for physical disability under Chapter 61 of reference (b). The Service member's declination of a formal PEB will be documented by the Physical Evaluation Board Liaison Officer (PEBLO) counselor. Appearance before a formal PEB may be in person, through a designated representative, or via video teleconferencing media.

E3.P1.3.3.1. Eligibility

E3.P1.3.3.1.1. Service members determined unfit by the informal PEB shall be granted a formal PEB upon request.

E3.P1.3.3.1.2. Active duty and Ready Reserve members determined fit do not have an entitlement to a formal PEB since a finding of fit does not cause involuntary separation for physical disability.

E3.P1.3.3.1.3. TDRL members determined fit shall be entitled to a formal PEB since removal from the TDRL represents a change in military status.

E3.P1.3.3.2. Directed Formal. A formal PEB may be directed by the final reviewing authority or appropriate designated Military Department authority without regard to the member's election concerning the informal PEB's findings.

E3.P1.3.3.3. Issues. At the formal hearing, the member shall be entitled to address any issue that affects the member's benefits under Chapter 61 of 10 U.S.C. (reference (b)); 5 U.S.C. 3502, 5532, 6303, and 8332 (reference (c)); and 26 U.S.C. 104 (reference (f)). Final determination of these issues shall be in accordance with Military Department regulations.

E3.P1.3.3.4. Submission of Informal PEB Rebuttal. Service members

requesting a formal PEB should be encouraged to submit a rebuttal identifying the issues of disagreement with the informal PEB's findings and recommendations.

E3.P1.3.3.5. Hearing Rights. Service members shall have, at a minimum, the following rights before the formal PEB:

E3.P1.3.3.5.1. The right to personally appear at the formal hearing, which may include video teleconferencing, unless such appearance proves impracticable because the member cannot travel (e.g., the member is incarcerated or incapacitated).

E3.P1.3.3.5.1.1. If the member's conduct or statements create a potential security risk to board members and/or other personnel, local security police shall be alerted and appropriate security precautions shall be taken.

E3.P1.3.3.5.1.2. Unless the formal hearing is directed by the Military Department concerned, members of the Ready Reserve with nonduty-related impairments are responsible for their personal travel and other expenses.

E3.P1.3.3.5.2. The right to the assistance of a detailed military counsel provided at no expense to the member or a personal representative provided at no expense to the Service. This right extends to Reserve component members who request a formal hearing pending separation for medical disqualification.

E3.P1.3.3.5.3. The right to make a sworn statement or an unsworn statement.

E3.P1.3.3.5.4. The right to remain silent. When the member exercises this right, the member may not selectively respond, but must remain silent throughout the hearing.

E3.P1.3.3.5.5. The right to introduce witnesses, depositions, documents, sworn or unsworn statements (affidavits) or other evidence in their behalf and to question all witnesses who testify at the hearing. Witnesses who are not members or employees of the Department of Defense and members of the Department of Defense who are not deemed essential witnesses as determined by the PEB attend formal hearings at no expense to the Government.

E3.P1.3.3.5.6. The right of access to all records and information received by the PEB before, during, and after the formal hearing which may affect the findings of the PEB or appellate review authority.

E3.P1.3.3.5.7. The right to a written rationale explaining the findings and recommendations of the formal PEB.

E3.P1.3.3.5.8. The right, upon written request, to a record of the hearing. The respective Service shall determine the format of the record (audio, video, or written transcript).

E3.P1.3.3.5.9. The right to appeal the findings and recommendations of the formal PEB.

E3.P1.3.4. Record of Proceedings. A record of proceedings will be prepared to document the findings and recommendations of the PEB.

E3.P1.3.4.1. Duty-Related Impairments. The record of proceedings for active duty members and Ready Reserve members referred for duty-related impairments shall document at a minimum:

E3.P1.3.4.1.1. The determination of fit or unfit. If determined fit, a determination of whether the Service member is deployable may be included if Service regulations require such a determination and deployability is defined and uniformly applied to the office, grade, rank, or rating in both the Active and Reserve components of that Service.

E3.P1.3.4.1.2. The code and percentage rating assigned an unfitting physical disability in accordance with the VASRD.

E3.P1.3.4.1.3. The reason an unfitting condition is not compensable.

E3.P1.3.4.1.3.1. For all cases with a finding of pre-existing condition without aggravation, the specific accepted medical principle for overcoming the presumption of Service aggravation shall be cited and explained.

E3.P1.3.4.1.3.2. For all cases of Reserve component members performing duty of 30 days of less with a finding of not the proximate result of performing duty, the justification shall be documented.

E3.P1.3.4.1.4. For members being placed on the TDRL or permanently retired, a statement concerning the stability and permanent nature of the physical disability.

E3.P1.3.4.1.5. Administrative determinations under sections A. and B. of Part 5 of this Instruction.

E3.P1.3.4.2. Nonduty-Related Conditions. For members of the Ready Reserve referred for nonduty-related conditions, the record of proceedings shall document only:

E3.P1.3.4.2.1. The fitness determination.

E3.P1.3.4.2.2. For members determined fit, a determination of whether the member is deployable if Service regulations require such a determination and deployability is defined and applied to the office, grade, rank, or rating in both the Active and Reserve components of that Service.

E3.P1.3.4.3. Rationales. The record of all proceedings for PEB evaluation and changes made as a result of review by subsequent reviewing authority shall include a written rationale (explanation) in support of the findings and recommendations made.

E3.P1.3.5. Quality Assurance. Quality assurance review shall be conducted as necessary to ensure compliance with the laws, directives, and regulations governing physical disability evaluation.

E3.P1.4. Counseling

E3.P1.4.1. Purpose. The counseling element of DES shall afford Service members undergoing evaluation by the DES the opportunity to be advised of the significance and consequences of the determinations made and the associated rights, benefits, and entitlements.

E3.P1.4.2. Topics. Counselors shall counsel on such matters as:

E3.P1.4.2.1. The sequence and nature of the steps in processing.

E3.P1.4.2.2. Statutory and regulatory rights.

E3.P1.4.2.3. Effect of findings and recommendations.

E3.P1.4.2.4. Recourse to rebuttals.

E3.P1.4.2.5. Estimated retired or severance pay based upon the PEB's findings and recommendations.

E3.P1.4.2.6. Probable retired grade.

E3.P1.4.2.7. Potential veterans benefits.

E3.P1.4.2.8. Post-retirement insurance programs and the Survivor Benefit Plan in accordance with DoD Directive 1332.27 (reference (g)) if appropriate.

E3.P1.4.2.9. Applicable transition benefits under DoD Directive 1332.35 (reference (h)).

E3.P1.4.2.10. Prior to acting on a Service member's request for a formal PEB, review with the member the applicable standard detailed in the VASRD or DoD Instruction 1332.39 (reference (i)), which would have to be recognized in order to increase the percentage of disability.

E3.P1.4.3. Ready Reserve Members. Ready Reserve members pending separation for physical disability should be counseled by the MTF Physical Evaluation Board Liaison Officer concerning their rights under the DES as established by section E3.P1.3. of Part 1 and section E3.P2.1. of Part 2.

E3.P1.4.4. Incompetent Members. When a Service member has been determined incompetent, his or her primary next of kin, or court appointed guardian shall be counseled and afforded the opportunity to assert the rights granted to the Service member, unless prohibited by law.

E3.P1.4.5. Pre-Separation Counseling. Service members on a call to active duty of more than 30 days shall not be separated or retired because of physical disability prior to completion of pre-separation counseling under reference (h). Though counseling is normally accomplished 90 days before separation, the date of separation or retirement of members determined unfit need not be extended to provide a minimum of 90 days between counseling and separation or retirement.

E3.P1.5. Personnel

E3.P1.5.1. Purpose. The personnel element of DES shall accomplish disposition of the Service member's case. Specifically, appropriate personnel

authorities shall accomplish the functions listed in subsection E3.P1.5.2., below.

E3.P1.5.2. Functions. The personnel element shall:

E3.P1.5.2.1. Issue orders and instructions to implement the determination of the respective Service's final reviewing authority.

E3.P1.5.2.2. Serve as approving authority for requests by Service members determined unfit to continue on active duty or in the Ready Reserve in a permanent limited duty status.

E3.P1.5.2.3. Manage the TDRL under section E3.P6.2. of Part 6.

E3.P1.6. Time Standards for Case Processing

E3.P1.6.1. Referral Time Frame. It is not within the mission of the Military Departments to retain members on active duty or in the Ready Reserve to provide prolonged, definitive medical care when it is unlikely the member will return to full military duty. Service members shall be referred into the DES as soon as the probability that they will be unable to return to full duty is ascertained and optimal medical treatment benefits have been attained (see Enclosure 2, Page 9, Paragraph E2.1.20). All members shall be referred for evaluation within one year of the diagnosis of their medical condition if they are unable to return to military duty.

E3.P1.6.2. Medical

E3.P1.6.2.1. Duty-Related. When a physician initiates a MEB, the processing time should normally not exceed 30 days from the date the MEB report is dictated to the date it is received by the PEB.

E3.P1.6.2.2. Nonduty-Related. For cases of Reserve component members referred for solely a fitness determination on a nonduty-related condition, processing time for conduct of MEB or physical examination shall not exceed 90 calendar days.

E3.P1.6.3. PEB. Upon receipt of the MEB or physical examination report by the PEB, the processing time to the date of the determination of the final reviewing authority as prescribed by the Secretary of the Military Department should normally be no more than 40 days.

E3.P1.6.4. Imminent Death Processing. When competent medical authority

determines that a Service member's death is expected within 72 hours, the member may be referred expeditiously into the DES. To protect the interests of the Government and the Service member, disposition shall be placement on the TDRL provided all requirements under statute, law, and regulation are met. In no case shall a Service member be retired after his or her death or before completion of a required line of duty determination. Determination of death shall be made under the laws of the state where the member is assigned, or under military medical standards when the member is outside the United States.

E3.P1.7. <u>Training and Education.</u>

Those Service members designated by the Secretary concerned as primary participants in the DES shall be trained and educated in a timely and continuing manner concerning the policies and procedures of this Instruction. Primary participants in the DES include, but are not limited to, medical officers who prepare MEBs, patient administration officers, disability counselors, PEB and appellate review members, and judge advocates.

## E3.P2. ENCLOSURE 3 PART 2

## ELIGIBILITY FOR REFERRAL

E3.P2.1. Criteria for Referral.

Service members on active duty or in the Ready Reserve shall be eligible for referral into the DES when the member:

E3.P2.1.1. Has a medical condition that is cause for referral into the DES as established by enclosure 4 of this Instruction or by the respective Service's supplemental medical standards, and the member has received optimal medical treatment benefits; or

E3.P2.1.2. Will be unable to return to full military duty within one year of diagnosis of the medical condition; or

E3.P2.1.3. Was previously determined unfit, continued in a permanent limited duty status, and the period of continuation has expired; and

E3.P2.1.4. Is not disqualified under section E3.P2.4. of Part 2.

E3.P2.1.5. Is a member of the regular component of the Armed Forces entitled to basic pay; or any other member of the Armed Forces entitled to basic pay who has been called or ordered to active duty for more than 30 days; or any other member of the Armed Forces, after September 23, 1996, who is on active duty but is not entitled to basic pay under 37 U.S.C. 502(b) (reference (d)) due to authorized absence to participate in an educational program, or for an emergency purpose, as determined by the Secretary concerned.

E3.P2.2. Duty-Related Impairments

E3.P2.2.1. Service members described in section E3.P2.1., above, who have impairments which, in the case of a member on active duty for 30 days or less, are the proximate result of, or were incurred in line of duty after September 23, 1996, as a result of:

E3.P2.2.1.1. Performing active duty or inactive duty training;

E3.P2.2.1.2. Traveling directly to or from the place at which such duty is performed; or

E3.P2.2.1.3. After September 23, 1996, an injury, illness, or disease incurred or aggravated while remaining overnight, between successive periods for purposes of IDT, at or in the vicinity of the site of the IDT, if the site is outside reasonable commuting distance of the member's residence.

shall be referred into the DES except as provided in sections E3.P2.4. and E3.P2.7., below.

E3.P2.2.2. Members with duty related impairments as described in paragraphs E3.P2.2.1.1. through E3.P2.2.1.3., above, shall be referred into the DES for a determination of fitness, and if found unfit, a determination of entitlement to separation or retirement for disability with benefits under Chapter 61 of 10 U.S.C.(reference (b)). The fact that a Service member is unfit for disabilities incurred during the periods designated in paragraphs E3.P2.2.1.1. through E3.P2.2.1.4., above, does not constitute entitlement to disability benefits. (See Part 4 for compensation entitlement criteria.)

E3.P2.3. <u>Nonduty-Related Impairments</u>.

Members of the Ready Reserve with nonduty-related impairments, and who are otherwise eligible, will be referred into the DES upon the request of the member or when directed under Service regulations. Referral will be solely for a determination of fitness for duty.

E3.P2.4. <u>Ineligibility for Referral</u>.

Service members are ineligible for physical disability evaluation, when:

E3.P2.4.1. The member's defect is a developmental or constitutional disorder not constituting a physical disability. (See enclosure 5 for a comprehensive listing.)

E3.P2.4.2. Except as provided under Service regulations, the member is pending an approved, unsuspended, punitive discharge or dismissal.

E3.P2.4.3. Except as provided under Service regulations, the member is pending separation under provisions that authorize a characterization of service of Under Other Than Honorable (UOTH). This restriction is based on the provisions under which the member is being separated and not on the actual characterization the

member receives. For example, because separation for misconduct authorizes a UOTH, a member who is being separated for misconduct with a general characterization is ineligible for referral into the DES except as provided under the regulations of the respective Service.

E3.P2.4.4. Service regulations should normally provide for referral to the DES of those members designated in subsections E3.P2.4.2. and E3.P2.4.3., above, when the medical impairment or extenuating circumstances may be the cause of the conduct.

E3.P2.5. <u>Members with a Nonwaivered Pre-Existing Condition</u>.

Service members who are identified with nonwaivered medical conditions or physical defects that existed prior to service may be administratively separated without referral into the DES when the medical condition meets all the criteria listed in subsections E3.P2.5.1. through E3.P2.5.4., below:

E3.P2.5.1. The medical impairment is identified prior to or within 180 days of the member's initial entry on active duty or active duty for training or full-time National Guard duty.

E3.P2.5.2. The medical impairment does not meet accession standards under DoD Directive 6130.3 (reference (e)).

E3.P2.5.3. The impairment is not a condition that is cause for referral to the PEB under enclosure 4 or Service supplemental medical standards.

E3.P2.5.4. Service aggravation of the impairment has not occurred. If the Service member contests the "not Service aggravated" determination by the physician recommending separation, the member may request the MEB be forwarded to the PEB for review.

E3.P2.6. <u>Members with Medical Waivers</u>.

Provided no aggravation has occurred, Service members who enter the military with a medical waiver may be separated without physical disability evaluation when the responsible medical authority designated by Service regulations determines within 180 days of the member's entry into active service that the waivered condition represents a risk to the member or prejudices the best interests of the Government.

Once 180 days have elapsed or the condition is one which causes referral into the DES, the member shall be referred for physical disability evaluation, if otherwise qualified.

E3.P2.7. Waiver of MEB/PEB Evaluation.

In certain circumstances, Service members may waive referral to the PEB with the approval of the Secretary of the Military Department. The member must be counseled on the DES process; his or her right to a PEB; and the potential benefits of remaining in an active duty or Active Reserve status for purposes of completing evaluation by the DES. The member must request a waiver in writing, and such request, or an affidavit, must attest that the member has received the counseling described above and declines referral to the PEB. Waiver requests are authorized when either:

E3.P2.7.1. The MEB reflects that the member's medical condition existed prior to service and was not aggravated by service.

E3.P2.7.2. Physical disability evaluation requires extension past the date of the member's Service agreement or an approved retirement date, and the member does not consent to retention.

E3.P2.7.2.1. Members of a Reserve component on active duty under a call to duty of more than 30 days may continue disability evaluation upon release from active duty provided they maintain a Ready Reserve status. However, they must sign a waiver declining retention on active duty.

E3.P2.7.2.2. Members approved for separation under any program which incurs a Reserve obligation and who have conditions which are cause for referral into the DES are prohibited from waiving physical disability evaluation.

E3.P2.7.3. A Service member reaches the end of active obligated Service and has no remaining Service obligations.